**UNITED STATES v. TOMLINSON.**
Crim. A. No. 15385.

United States District Court
E. D. Pennsylvania.

Dec. 29, 1950.

Gerald A. Gleeson, U. S. Atty., Edward A. Kallick, Asst. U. S. Atty., Philadelphia, Pa., for the plaintiff.

Herbert G. Hardin, Philadelphia, Pa., for the defendant.

CLARY, District Judge.

DeVreaux Tomlinson, a negro, who was born on February 23, 1923, registered under the Selective Service Act of June 24, 1948, 50 U.S.C.A.Appendix, § 451 et seq., on the 8th day of September, 1948. Immediately above the signature of the Local Board registrar, Mrs. F. B. Widmaier, appear the words "Registering under protest". His Selective Service Number was 36-124-23-92. On September 27, 1948, he was mailed a classification questionnaire which was returned to his Local Board No. 124 of Philadelphia County on October 7, 1948. On that date there appears on his questionnaire the action of the Local Board as Classification 1-A. On October 8, 1948 he was mailed Form 223, an Order to report for armed forces physical examination; the examination date being set for October 14, 1948. On October 11, 1948 the notice to report (Form 223) was recalled because of a change of date of the physical examination and on that date another Form 223 was mailed with an order to report for armed forces physical examination on October 22, 1948. On or about the 16th day of October, 1948, a Committee which called itself "Campaign to Resist Military Segregation" through Milton R. Henry, Chairman, and Joseph L. Constantine, Co-Chairman, directed to The Secretary of Defense of the United States, The Secretary of the Army of the United States, The Secretary of the Air Forces of the United States, The Director of Selective Service of the United States and Director of Selective Service of the Commonwealth of Pennsylvania, a six page communication which stated in substance that 692 Negro and white Americans located in Philadelphia and whose names were attached on seven typewritten sheets would not take an oath of induction to serve in a segregated military installation. The name of defendant herein appeared on the sixth page thereof in the first of two columns and near the bottom of the page. The testimony of the Chairman at the trial of this case indicated that a copy had been sent to all the Draft Boards of Philadelphia, including Local Board No. 124, the Local Board of this defendant. Contrary to the order contained in the notice of October 11, 1948, defendant did not report for physical examination at the time indicated on October 22, 1948, but appeared at the Office of the Draft Board late in the afternoon at a time when it was impossible to have the examination. On October 26, 1948, he was again mailed a Form 223 and ordered to report for armed forces physical examination. On November 2, 1948, again he failed to present himself at the time indicated, but did present himself at a time when he could be sent individually and not with the group to the examination station. Having passed the physical examination, under date of November 8, 1948 he was mailed ME Form 62, a certificate of acceptability for military service under Classification 1-A. No appeal was taken from this classification pursuant to applicable regulations. On December 3, 1948 he was mailed Form 252, an order to report for induction on December 15, 1948. On December 10, 1948 he was mailed a letter by the Draft Board informing him that his induction had been delayed to permit him to remain at home over Christmas. At 11 A.M. on December 14, 1948, a registered letter from defendant, dated

December 10, 1948, but as above noted not received until the time indicated, was delivered to Mrs. Copper, Clerk of Draft Board No. 124, in which defendant stated that he would not report for induction unless previous thereto Local Board No. 124 would give him written assurance that he would not be required to serve his Country segregated from fellow servicemen of other races solely because of race or color; that in lieu of reporting he requested an indefinite deferment until such time as this assurance could be given to him, and further that he. desired that the Board afford him a hearing on his request at the earliest opportunity. On December 15, 1948 a letter was mailed to defendant that a new date, December 28, 1948, had been set for induction under the notice dated December 3, 1948. On the following day, December 16th, defendant's registered letter was answered by Board Member Darius H. Keene, who advised defendant that the assignment of selectees in the armed forces was not within the jurisdiction of the Selective Service System and that its responsibility involved only classification and processing for induction. As respects the hearing, he advised defendant that under applicable regulations it was not within the power of the Local Board to grant a hearing as requested at that late date. Further, the letter cautioned the defendant that if he did not report on December 28th as ordered, it would result in his being reported to the United States Attorney as a delinquent. On December 27, 1948, Civil Action No. 9214, entitled "DeVreaux Tomlinson v. Lewis B. Hershey, Director of Selective Service; Henry M. Gross, State Director of Selective Service; Rudolph Sternberg, Chairman, Darius Keene, Arthur Schneider, Joseph Hamilton, Frank Hahn, Comprising Local Board No. 124, Selective Service System for the City of Philadelphia; Major General Leonard J. Gerow, Commanding General, Headquarters Second Army, Ft. George Meade; Major Dorsey H. Cullen, Commanding Officer, Schuylkill Arsenal Induction Center." D.C., 95 F. Supp. 72, was instituted by defendant praying for an injunction and declaratory judgment against all parties named and with the complaint was filed a motion for a preliminary injunction and affidavit in support thereof. Although the Court granted no stay of induction, defendant did not report for induction as ordered on December 28, 1948. Thereafter, and on October 5, 1949, a Grand Jury of this Court found a True Bill against this defendant charging him under Title I, Section 12(a), Selective Service Act of June 24, 1948, Title 50 U.S.C.A.Appendix, § 462(a), with knowingly and unlawfully failing and neglecting to appear and present himself for induction into the Armed Forces of the United States of America, in accordance with notification and order of his Local Board No. 124, Philadelphia, dated December 3, 1948. To this indictment on December 1, 1949 defendant entered a plea of "not guilty". The case came on to trial before Court and Jury at the June Sessions of 1950, the trial commencing on June 19, 1950 and ending on June 20, 1950, when defendant was found "Guilty" by the Jury. Defendant's counsel had at the conclusion of the Government's case and again at the conclusion of all the testimony moved for judgment of acquittal upon which decision was reserved. After verdict, the bail of the defendant was continued and he has been at liberty pending decision of the reserved motions and his written motion filed timely after the verdict for a judgment of acquittal or in the alternative for a new trial. The matter is now before the Court for decision upon these two motions.

The defendant in his motion for judgment of acquittal or in the alternative for a new trial assigned no errors either to the admission of evidence or the charge of the court. Neither in his brief nor in his oral argument did he raise any question of substantial trial errors which would require that a new trial be granted. The Government proved by Officers of the Local Draft Board that the defendant had been properly processed for induction, that he had been ordered to report for induction and had failed to present himself. This proof established all of the elements necessary to establish the Government's case and put the defendant to his defense.

■■ Defendant did not take the stand in his defense. The only evidence offered in the defendant's case was that of the Chairman of the Committee "Campaign to to Resist Military Segregation", who testified to the details of the letter of October 16, 1948, above referred to, and the fact that a copy of it had been mailed to the Local Board of which this defendant was a registrant. In opening to the jury, defendant's counsel indicated that, in part at least, he proposed to base his defense upon the record of the Civil Action No. 9214 above referred to and the facts and circumstances surrounding that case. In the absence of the jury the entire record of that case was brought into court, together with the Clerk's docket. Both the record and the docket were reviewed by me. Counsel for the defendant was thereupon advised that he might make such use of the record as he saw fit and establish such facts therefrom as he thought pertinent to his own case, particularly those allegations relating to the denial of administrative remedies provided in the Selective Service Act of 1948 and official regulations promulgated thereunder. Counsel was informed that the court would charge the jury at the conclusion of the case that if the allegations were made in good faith and were as represented in the record, the jury would be charged that it was a defense to this indictment. The United States Attorney thereupon stated that if the record were used and there was an attempt to establish those allegations, it was his intention to challenge the truth both of the complaint and supporting affidavits thereto. After consultation with his client, counsel for the defense advised the court that he would not avail himself of the opportunity afforded to present that portion of his defense. Having failed to avail himself of the opportunity he therefore waived it, reserving only the right to argue the legal effect of the institution of the suit. That this was a considered decision on his part is established by the fact that at the argument of these motions, in answer to a direct question of the court, counsel for the defense frankly stated that if a new trial should be granted, he would again advise his client not to attempt to establish the facts averred in the complaint and affidavits supporting the complaint. There appear no matters of record which would either require or warrant the granting of a new trial in this case and, therefore, the motion for a new trial is denied.

With respect to defendant's motion for judgment of acquittal under Rule 29(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., the defendant contends that he is entitled to judgment of acquittal and bases his contention upon three grounds:

1. That the institution of the civil action automatically suspended the operation of the order of induction.

2. As a corollary to Number 1, defendant contends that since the institution of the suit automatically stayed the order of induction and while the Civil action was still pending, he passed his twenty-sixth birthday, the age limit for induction, decision on the validity of the order of induction has become moot.

3. That the order of induction is invalid because it contravenes and violates his constitutional rights under the Fifth and Thirteenth Amendments to the Constitution of the United States.

In his first contention that the institution of the civil action automatically suspended the operation of the order to appear for induction, the argument is advanced that it is a matter of law for the court to say that because of the mere institution of the suit there was no legally effective order to report for induction and that I should grant the motion for judgment of acquittal. At this point it becomes necessary to examine the record of Civil Action No. 9214. In that action complainant sought a declaratory judgment of his rights under Selective Service Law in respect of his induction. He accompanied the complaint with a motion for preliminary injunction with supporting affidavits complaining that his constitutional rights were being violated, particularly those involving due process and equal protection of the law. A motion to dismiss was promptly filed but because of the allegations in the complaint and supporting affidavits, which the court in con-

sidering the motion to dismiss was compelled to accept as true, Judge Ganey refused to dismiss the action. A reading of his opinion on the motion, which stated in part [95 F.Supp. 73]. "The motion to dismiss must be denied for the reason that paragraph 11 of the complaint sets forth that the plaintiff petitioned the Board on the 11th day of December, 1948 within 10 days from the date he was notified of his classification of his request for a deferment * * *", clearly indicates that the allegations of the complaint set out a failure of the Board to accord administrative due process which, if true, made the order invalid. Had the same allegation been presented in the defense of this case and established, I would have directed judgment of acquittal in this case.

However, a further examination of the record of the civil action indicates that on motion for reargument and hearings held thereunder, Civil Action No. 9214 was withdrawn on May 2, 1949 in open Court at a "Further hearing on charge of perjury". I am not familiar with the details of that hearing but the record of the Draft Board as presented in this case clearly indicates that the date of classification of this defendant was November 8, 1948 and that no appeal was ever taken nor request for a hearing made within the time allowed by law and regulations. Any question of fact, therefore, with respect to the truth of the allegations made in that civil action as bearing on the validity of the order of induction would of necessity have had to be determined by the jury in this case and as a matter of defense.

■ Congress intended and national safety demands prompt and unhesitating obedience to orders issued pursuant to the Selective Service Act. "The circumstances under which the Act was adopted lend no support to a view which would allow litigious interruption of the process of selection which Congress created". Falbo v. United States, 320 U.S. 549, at page 554, 64 S.Ct. 346, at page 349, 88 L.Ed. 305, at page 308.

If registrants were able with impunity to interrupt, delay and impede Selective Service process by the mere institution of civil proceedings, the resulting effect would be chaotic. In effect, the adoption of any such principle of law would place in the hands of each registrant powers of delay in entering military service far beyond those contemplated by Congress or warranted by considerations of national safety. See the discussion of that point by Mr. Justice Black in Falbo v. United States, supra. In accord is Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567.

■ The defendant had every opportunity to present all facts in connection with his civil suit as a matter of defense. He was apparently unwilling to have his truthfulness and honesty of purpose put to the test before a jury and I, certainly, do not intend in the absence of compelling legal precedent to make the determination requested. It was my opinion at time of trial and it is still my opinion that that question was one of fact for the jury. His truthfulness and honesty of purpose certainly cannot be accepted by me in light of the Draft Board records, and the assertion of the United States Attorney that he was prepared to prove false and perjured statements in the original complaint.

■■ As to the second contention that the defendant passed the age limit for induction (26 years) at the time he withdrew his civil action and that a decision on the validity of the order of December 28, 1948 has become moot, that contention must fall with the first. As said before, no restraining order or stay of proceedings having issued in the civil action defendant proceeded thereafter at his own risk to test the validity of the order on either of two grounds: first, that he was not accorded administrative due process and, secondly, upon the constitutional ground which will be discussed later in this opinion. As to the first point, he did not proceed in the civil action to establish the lack of due process in administrative procedure, nor did he establish it as a defense in this criminal action. It should be noted at this point that while in his written motion defendant still raised the question of lack of "administrative due process", that position was abandoned at time of oral argument.

The final contention of defendant is that the order of induction was invalid in that it violated the Fifth and Thirteenth Amendments to the Constitution of the United States in depriving him of due process and equal protection of the laws.

Defendant frankly concedes that the Draft Board had properly classified the defendant, had properly, legally, and exactly followed the Selective Service Law and Rules and Regulations made thereunder in its dealings with this defendant; had properly processed him for induction; that it had no control over army policy or over defendant's future treatment in the army or the unit to which he might be assigned. Defendant urges that the induction order is invalid because the ultimate effect of the order to appear for induction into the army would be service in a segregated unit in violation of his constitutional rights. This position is taken despite his further concession that the determination of army policy and assignment of inductees to different units is vested by law and is the province of the Secretary of Defense, the Secretary of War, or the combined Chiefs of Staff.

Simply stated, his complaint is against Army Officials and not Draft Board Officials. He argues that the court should at this point determine as a fact the treatment he would have received if and when inducted. I am being asked to determine the prospective treatment which would have been accorded this defendant after completion of the Selective Service process which is the only matter before me. Whatever constitutional rights or privileges might have been violated were only possible of occurrence after the process of induction had been completed. That the process of induction would ever have been completed is not definitely certain. He might have been refused for military service by the Army since under the provisions of Section 454(a), Title 50 U.S.C.A. Appendix—"No person shall be inducted * * * under this title * * * unless and until he is acceptable to the armed forces * * *". See also Billings v. Truesdell, 321 U.S. 542, 64 S.Ct. 737, 88 L.Ed. 917.

■ It has long been an established doctrine of constitutional law that courts will determine constitutional questions only on specific and concrete problems presented in the facts of the particular case. A footnote to the opinion of Mr. Justice Reed in the case of United Public Workers v. Mitchell, 1947, 330 U.S. 75, at page 90, 67 S.Ct. 556, 564, 91 L.Ed. 754, sets out this doctrine clearly and forcibly. "It has long been this Court's 'considered practice not to decide abstract, hypothetical or contingent questions, * * * or to decide any constitutional question in advance of the necessity for its decision, * * * or to formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied, * * * or to decide any constitutional question except with reference to the particular facts to which it is to be applied, * * *.' Alabama State Federation of Labor v. McAdory, 325 U.S. 450, 461, 65 S.Ct. 1384, 1389, 89 L.Ed. 1725 [1734], and cases cited. See Alma Motor Co. v. Timken-Detroit Axle Co., 329 U.S. 129, 67 S.Ct. 231 [91 L.Ed. 128]."

Also pertinent to a decision in this case is Mr. Justice Reed's language, 330 U.S. at page 90, 67 S.Ct. at page 564 of the same opinion that "It would not accord with judicial responsibility to adjudge, in a matter involving constitutionality, between the freedom of the individual and the requirements of public order except when definite rights appear upon the one side and definite prejudicial interferences upon the other."

■ There appear no facts in this case defining rights of this defendant on the one side and prejudicial interference of such rights by anyone upon the other. I have no way of knowing in this case how the defendant would have been treated in the army or as a member of the armed forces, if, indeed, he had been accepted for military service. The presence of so many imponderables precludes an intelligent determination of or action upon issues involving asserted constitutional rights. I have before me only the order of the Local Draft Board Officials and the refusal of this defendant

to obey. No showing has been made in this case of any violation of constitutional rights or privileges of this defendant by that order. Beyond that I cannot go.

Defendant's motions for judgment of acquittal, therefore, must be denied.