**TOMLINSON v. HERSHEY, Director of Selective Service, et al.**

**Civ. No. 9214.**

United States District Court
E. D. Pennsylvania
Feb. 17, 1949.

James K. Baker, Philadelphia, Pa., Franklin H. Williams, New York City, for plaintiff.

Gerald A. Gleeson, U. S. Atty., Edward A. Kallick, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

GANEY, District Judge.

■ This is a motion to dismiss a complaint, for an injunction and declaratory judgment. The defendants contend in the motion to dismiss that Lewis B. Hershey, Director of Selective Service at Washington, D.C., as well as Henry M. Gross, State Director at Harrisburg, Major General Leonard J. Gerow, Commanding General, Second Army, Ft. George Mead, Maryland, are improper parties before the court inasmuch as they have not been previously served under Rules 4(d) (4) and (5) of the Rules of Civil Procedure, 28 U. S.C.A. This portion of the motion is well taken.

■ With respect to the Draft Board and Major Dorsey H. Cullen, service was properly made and they are proper parties before the court. This court cannot say on a motion to dismiss that Major Dorsey H. Cullen is an improper party as being only a subordinate to the Secretary of the Army, who they maintain should be joined as an indispensable party, as the limits of the authority of Major Cullen as a commanding officer are not before the court, by way of any testimony.

■ The motion to dismiss must be denied for the reason that paragraph 11 of the complaint sets forth that the plaintiff petitioned the Board on the 11th day of December, 1948 within ten days from the date he was notified of his classification of his request for a deferment until such time as certain assurances were given to him with reference to segregation. This request for deferment as far as the pleadings show, was never acted upon and he never heard therefrom until he was ordered to report for induction on the morning of December 28, 1948. It would seem to the court that the defendant Board here should have disposed of this application and given plaintiff a hearing or at least his request should have been acted upon by the Board and either granted or denied, for as it is averred in the complaint it might well be construed as a matter upon which the Board should have acted and having failed to so do, all orders issued by it thereafter, were invalid, and hence the order to report for induction could be so construed.

Accordingly the defendants' motion for dismissal is denied.