206 F.2d 767
 Bernard SCHWARTZ, Plaintiff-Appellant,
v.
Milton STRAUSS, "John Doe," "Richard Roe," et al., names fictitious, being unknown to plaintiff, individually and jointly as members of Local Board No. 24, Bronx, Selective Service System and Local Board No. 24, Bronx, Selective Service System and "John Smither," "Frank Jones," "Henry Brown" and "James Koe," names fictitious, being unknown to plaintiff, Individually and jointly as members of the Board of Appeals, Selective Service System, and the Board of Appeals of the Selective Service System, Defendants-Appellees.
 No. 294.
 Docket No. 22780.
 United States Court of Appeals Second Circuit.
 Argued July 9, 1953.
 Decided July 16, 1953.
 
 Appeal from an order of the District Court for the Southern District of New York denying plaintiff's motion for an injunction pendente lite to prevent his induction into the army; Dimock, District Judge.
 After his classification as IA by his Local Board had been unanimously affirmed by the Board of Appeals of the Selective Service System and he had been ordered to report for induction into the army, the plaintiff, before induction, brought this suit against his Local Board; the Board of Appeals; and the members of both boards individually. It is for a declaratory judgment holding his classification as IA invalid and to enjoin his induction permanently. The temporary injunction was denied on the ground that the court did not have jurisdiction of the action.
 Nemeroff, Jelline, Danzig & Paley, New York City, for plaintiff-appellant; Bernard Schwartz and Joseph W. Rosenberg, New York City, of counsel.
 J. Edward Lumbard, Jr., U. S. Atty., New York City, Samuel R. Pierce, Jr., Asst. U. S. Atty., New York City, of counsel, for defendants-appellees.
 Before CHASE, Chief Judge, and CLARK and FRANK, Circuit Judges.
 PER CURIAM.
 
 
 1
 Judgment affirmed on opinion below. D. C. 114 F.Supp. 438.
 
 
 2
 FRANK, Circuit Judge (concurring).
 
 
 3
 The facts here are undisputed. But the position taken by defendant's counsel is that, even if the undisputed facts show unmistakably that the Board violated the statute, i. e., plainly exceeded its powers, nevertheless no court would have jurisdiction to enjoin plaintiff's induction. Thus if admittedly plaintiff were (1) a member of Congress, or (2) a naval officer on active duty, yet (so the argument runs) he could not in court attack the patently invalid action of the Board except either (a) by reporting for induction and then seeking habeas corpus or (b) by refusing to comply and setting up the invalidity when he was prosecuted criminally. I gravely doubt the soundness of that contention, i. e., in a case where, on undisputed facts, the Board's lack of jurisdiction is manifest.
 
 
 4
 However, as happens now and then in divers contexts, a consideration of the merits is necessary to a decision on the issue of the district court's jurisdiction. I have examined the merits here, and think the Board acted correctly in classifying plaintiff. He does not come within 50 U. S.C.A.Appendix, § 456(c)(1), because he is not a member of an "organized unit of * * * the Naval Reserve" who "satisfactorily participate[s] in scheduled drills and training periods". He does not come within the provision of § 456(d)(1), because, although "appointed an ensign, United States Naval Reserve," he was not so appointed "while undergoing professional training". For that last-quoted phrase, according to the legislative committee reports — see U.S.Code Congressional and Administrative Service 1951, 82d Cong., 1st Sess., p. 1472 at 1485 — means those undergoing "training in medicine, dentistry or theology."