**FEUER v. UNITED STATES.**

No. 13837.

United States Court of Appeals
Ninth Circuit.

Dec. 21, 1953.

HEALY, Circuit Judge.

Appellant, a registrant under the Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 451 et seq., was charged and convicted of a violation of the Act in that he knowingly failed to report for induction when ordered so to do.

Appellant claims to be a conscientious objector although he laid no claim to that status at the time of filing his questionnaire or at any other time prior to being ordered to report. In summary, his file shows the following: In October 1950 he was classified 1-A by his local board, was so notified, and was shortly ordered to report for physical examination. In January 1951 he was duly informed that he had been found physically acceptable. Shortly afterwards he was given a deferred classification as a student and thereafter received repeated deferments as such. In March of 1952 the local board was notified by Reed College at Portland, Oregon, where appellant had been attending school, that he was no longer a student. He was thereupon, on March 20, 1952 reclassified 1-A and was so notified. He took no appeal from the classification. On May 6, 1952, an order was mailed to him directing him to report for induction on May 19, 1952. This order he received at Portland sometime prior to May 16. He thereupon approached a local board at Portland and requested a postponement. His request being denied, he wrote his local board at San Diego on May 16, 1952, requesting a postponement of induction.

By letter dated May 29, 1952, his local board informed him that his case did not warrant postponement and instructed him to take his induction order to the nearest local board office and request a transfer. However, he appears not to have done so, nor did he take any other action until August 14, 1952, when he wrote his board at San Diego asserting that he was a conscientious objector and requesting SS Form 150, the special form for conscientious objectors. Prior to the receipt of this letter he had been report-

Byron F. Lindsley, San Diego, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Ray H. Kinnison, Asst. U. S. Atty., Cecil Hicks, Jr., Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before STEPHENS, HEALY, and POPE, Circuit Judges.

ed as delinquent. On September 19, 1952, the special form requested was mailed him at Portland. This form was not returned and had not been filled out at the time of appellant's arrest by the Federal authorities on October 23, 1952. It appears that neither on May 19, 1952, nor at any other time did appellant heed the order to report for induction.

 Obviously, to be effective, a claim to exemption from military service must be interposed in the manner and at the time prescribed by law or regulation. Here the registrant did not appeal his classification or otherwise take advantage of his administrative remedies. He argues that the board was obliged to consider his belated letter concerning his conscientious scruples as regards military service, but the regulations in effect at the period clearly state the contrary. Regulation 1625.2, 32 C.F.R. (Rev.1951), dealing with the reopening and renewed consideration of a registrant's classification, provides in part that "the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 252), unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."

 It is urged that in light of all the circumstances the appellant should be considered as lacking the requisite criminal intent. Whether or not he had such intent was a matter for the judge who tried the case to determine, and the rendition of the judgment of guilty implies a finding of the knowing and willful disobedience of the board's order. Such a finding is amply warranted by the evidence. Appellant appears to be a young man of considerably more than ordinary intelligence. A reading of the record leaves one with the conviction that following his receipt of the board's order to report for induction and until the moment of his arrest the appellant's objective was simply to stall things along.

Affirmed.