LYNCH v. HERSHEY.

No. 11816.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 9, 1953.

Decided Dec. 3, 1953.

Writ of Certiorari Denied
March 8, 1954.

See 74 S.Ct. 515.

Mr. Carl L. Shipley, Washington, D. C., for appellant.

Mr. Gerard J. O'Brien, Jr., Asst. U. S. Atty., Washington, D. C., with whom Messrs. Leo A. Rover, U. S. Atty., and William J. Peck, Asst. U. S. Atty., Washington, D. C., at time brief was filed, were on the brief, for appellee. Mr. William R. Glendon, Asst. U. S. Atty., Washington, D. C., at time record was filed, entered an appearance for appellee.

Before CLARK, WILBUR K. MILLER and FAHY, Circuit Judges.

16. 1940, 115 F.2d 717, certiorari denied, 1941, 312 U.S. 688, 61 S.Ct. 615, 85 L. Ed. 1125.

17. 1929, 278 U.S. 221, 225, 49 S.Ct. 118, 73 L.Ed. 275.

## PER CURIAM.

Appellant, a resident of Dell City, Texas, and a selective service registrant, was classified in category 1–A by his local draft board and ordered to report for induction to El Paso, Texas. Instead of so reporting, he journeyed to Washington, D. C., took up residence in the Hotel Statler, and filed a petition for a writ of habeas corpus against the Director of Selective Service in the District Court for the District of Columbia. That petition was denied and this appeal was taken.

Appellant recognizes that habeas corpus cannot be obtained unless there is an unlawful restraint of liberty but he argues that such restraint may be constructive rather than real, and he further contends that the threat of imminent criminal prosecution for failure to report in response to the induction order constitutes "constructive custody" and is sufficient to support the issuance of the writ.

That position is untenable. This case differs in no essential respect from any criminal case in which prosecution is threatened for failure to obey a lawful statutory command. If habeas corpus were an applicable remedy here the writ would of necessity have to be made available to every person who anticipates prosecution for violation of law. That has never been the function and purpose of habeas corpus and we deem it unwise to dilute the potency of the great writ by sanctioning its use in circumstances not related to actual confinement.

It is said that Ex parte Fabiani, D.C. E.D.Pa., 1952, 105 F.Supp. 139, is authority to the contrary in that a registrant, by petitioning for habeas corpus, may escape the choice between entering military service as ordered (with the possibility of habeas corpus later) and defending in a criminal proceeding for refusal to submit to induction. Insofar as the Fabiani case may be so interpreted, it does not, in our view, correctly state the law. There are, however, factual differences of some significance between that case and the instant one which might account for the result reached there. In any event, appellant here is not entitled to the issuance of the writ and the order of the court below therefore must be

Affirmed.