Hayden TOWNSEND, Appellant,

v.

Lt. Col. Horace ZIMMERMAN et al.,
Appellees.

No. 12896.

United States Court of Appeals
Sixth Circuit.

Oct. 25, 1956.

John A. McCrea and Richard H. Nash,
Louisville, Ky., for appellant.

James C. Jernigan, Asst. U. S. Atty., Louisville, Ky., for appellees. J. Leonard Walker, Louisville, Ky., on the brief.

Before ALLEN, McALLISTER and STEWART, Circuit Judges.

STEWART, Circuit Judge.

The appellant, Hayden Townsend, is married and has two young children. He lives in the small community of Dixon, Kentucky. Townsend was originally placed by his draft board in Class 3–A pursuant to the Selective Service regulation providing for the deferment of married men who have dependent children with whom they maintain a bona fide home. 32 CFR, § 1622.30. On July 28, 1955, Townsend and his wife separated. For that reason he was reclassified 1–A on September 7, 1955. He did not appeal from this reclassification.

On December 13, 1955, Townsend and his wife reconciled their differences, and he returned to his home and family. That same day Townsend visited the chairman of his draft board and orally notified him of the reconciliation. Despite this notification of change of status the draft board failed to change Townsend's classification.

On January 3, 1956, Townsend was sent an induction notice. Upon receiving it he contacted the chairman of the draft board and was told to appear at the next meeting of the board. At this meeting the two board members present voted to postpone his induction for thirty days pending a meeting of the full board. On February 15, 1956, the board met and voted two to one to draft Townsend.

Townsend filed an appeal with the local board on February 24, 1956. The appeal was ignored by the board and shortly thereafter Townsend received a notice to report for induction on March 28, 1956.

Townsend then brought suit in the Western District of Kentucky to enjoin his induction. This appeal is from an order denying the injunction.

■ It is claimed by the appellees that Townsend waived any right to deferment that he might have had by failure to appeal within ten days from the date of his reclassification to 1–A in September, 1955. But Townsend had no grounds on which to appeal at that time, since he was not then living with his wife and children. Not until December 13, 1955, when Townsend returned to his wife and children did he have any basis for requesting reclassification back to 3–A.

■ If Townsend at that time had notified the draft board in writing of his change of status with a written request that his classification be reopened, refusal of the draft board to reopen his classification would have amounted to an abuse of discretion. 32 CFR, § 1625.2; United States v. Vincelli, 2 Cir., 1954, 215 F.2d 210, 212. In the Vincelli case it was pointed out in reference to the cited regulation: "Though the language in the regulation is permissive merely that does not mean that a local board may refuse to reopen arbitrarily, but requires it to exercise sound discretion. That, in turn, requires, when the basis of an application is not clearly frivolous, an inquiry designed to test the asserted facts sufficiently to give the board a rational base on which to put decision." A request to reopen based upon facts which would have entitled Townsend to be placed in Class 3–A under the Selective Service regulations would hardly have been clearly frivolous.

■ Instead of making this request in writing, Townsend paid a personal visit to the chairman of his draft board and orally notified him that he was again living with his wife and children. We cannot agree with the contention of the appellees that Townsend's failure to reduce this notification to writing within ten days after he rejoined his family constituted a waiver of his rights. Selective Service Regulation 1625.1, 32 CFR, § 1625.1. The regulation relied on must be read in conjunction with Selective Service Regulation 1623.1, 32 CFR, § 1623.1, which states: " * * * Since it is imperative that appeal agencies have available to them all information on

which the local board determined the registrant's classification, oral information shall not be considered unless it is summarized in writing and the summary placed in the registrant's file. Under no circumstances shall the local board rely upon information received by a member personally unless such information is reduced to writing and placed in the registrant's file. * * * " In accordance with this regulation it would appear to have been the duty of the draft board chairman to make a written summary of the information Townsend communicated to him on December 13, 1955, or to require Townsend to do so. There is no reason to hold that Townsend waived his rights because the draft board chairman failed to comply with that regulation.

The communication of the information by Townsend to the draft board chairman of his change of status was tantamount to a request that his classification be reopened. Under the circumstances of this case it was not necessary that a more formal request be made. Cf. Ex parte Fabiani, D.C.E.D.Pa.1952, 105 F.Supp. 139, 148.

■ Finally it is argued by the appellees that once the induction notice of January 3 was mailed to Townsend the board no longer had power to reopen Townsend's classification. Reliance for this position is placed upon Selective Service Regulation 1625.2, which provides: " * * * the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction * * * unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control." 32 CFR, § 1625.2. That provision, however, appears to be limited to cases where reopening is sought upon the basis of information communicated to the draft board after the notice of induction has been mailed. See Feuer v. United States, 9 Cir., 1953, 208 F.2d 719; United States v. Schoebel, 7 Cir., 1953, 201 F.2d 31; Lehr v. United States, 5 Cir., 1943, 139 F.2d 919; Ex parte Hannig, D.C.N.D. Cal.1952, 106 F.Supp. 715. The provision would therefore not apply to the present case, since Townsend notified the board of his change of status before the induction notice was mailed.

The board should have reopened Townsend's classification prior to mailing the induction notice. United States v. Vincelli, supra. The first that Townsend knew of the board's refusal to reopen was when he received this notice. As was said in Ex parte Fabiani, supra, 105 F.Supp. at 148: "The local board's steadfast refusal to reopen his classification or to send him a new notice of classification adhering to its original decision effectively deprived him of any right to appeal thereafter."

■ At its February 15 meeting the board did finally reopen Townsend's classification, and by a divided vote it decided to leave the classification unchanged. His right to appeal from that action was clear. The Selective Service regulations provide that such a reopening is equivalent to an original classification, "even though the registrant is again placed in the class that he was in before his classification was reopened." 32 CFR, §§ 1625.11, 1625.13. The board was therefore under a duty to honor the notice of appeal that he filed within ten days after the meeting of February 15. And until his administrative appeal is disposed of, Townsend is entitled to have his induction enjoined. 32 CFR, § 1626.41.

The order of the district court is set aside and the case remanded for further proceedings consistent with the views here expressed.