Ralph Trent SORENSON

v.

SELECTIVE SERVICE SYSTEM et al.,

and

W. Glen George and Randolph C. Collins, members of Selective Service System Local Board No. 107, and Col. Henry Gross, Pennsylvania State Director of Selective Service, Additional Defendants.

Civ. A. No. 31032.

United States District Court
E. D. Pennsylvania.

April 6, 1962.

Fred C. Aldridge, Jr., Philadelphia, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., Mabel G. Turner, Philadelphia, Pa., Asst. U. S. Atty., for defendants.

JOHN W. LORD, Jr., District Judge.

Petitioner, Ralph Trent Sorenson, a Registrant in the Selective Service System, seeks an injunction to restrain defendants from enforcing a certain Order to Report for Induction into the Armed

Forces of the United States. The registrant, Sorenson, claims that the order is invalid on the ground that his local board refused to consider his Conscientious Objector claim and failed to grant him the right to appeal to which he is entitled by law.

These proceedings were initiated on February 20, 1962, by the filing of petitioner's complaint which named five parties as defendants: Selective Service System, Hershey, Bowles, Hayes and Rhule. On that same date a temporary restraining order was issued by this Court, conditioned upon the filing of $1,000 bond, which hearing was set for March 2, 1962. Summons and complaint were issued by the Clerk of this Court on February 20, 1962, and service was accepted on behalf of the United States Attorney for the Eastern District of Pennsylvania on February 21, 1962.

Thereafter, in response to a motion of the petitioner, this Court issued a further order adding defendants George and Collins as additional defendants, and amending the restraining order by making it applicable to these additional defendants.

The United States Attorney, on behalf of respondents (herein called defendants for the sake of conformity with the petition, which is labeled Complaint) challenges venue, jurisdiction over the defendants, and jurisdiction of the subject matter. Close scrutiny of the record as to pleadings and amendments, joinder of parties, and service of summons and complaint is therefore required.

No responsive pleading having been served, petitioner on February 26, 1962, filed an amendment which changed paragraph one of his complaint in two respects only.

First, it named and identified the three additional defendants, George, Collins, and Gross—who were parties not mentioned in the original complaint.

Second, the final sentence, "Jurisdiction is based upon 28 U.S.C. § 1346(2)" was deleted, and sub-paragraph 1(a), quoted later herein, was substituted.

The final docket entry in the present record is an affidavit of service made by petitioner's counsel, and filed on February 23, 1962. In it he certifies that service was effected pursuant to Rule 4(d) (4) and (5), Fed.R.Civ.P., 28 U.S.C.A., in the following manner:

"Copies of the Summons and Complaint were sent by registered mail on February 21, 1962 to the Attorney General of the United States at Washington, D. C., and delivered on February 22, 1962."

The remainder of the affidavit says in substance that as to each of the following defendants: Rhule, Bowles, Hayes, and Hershey—copies of the Summons, Complaint and Restraining Order, which had been issued by the Court on February 20, 1962, were mailed to the respective defendants by certified mail on February 21, 1962, and delivered on February 23, 1962.

In support of the complaint, petitioner submitted a comprehensive brief. The United States Attorney offered its points and authorities in an answering brief which submitted that the motion for preliminary injunction should be denied, the restraining order dissolved, and the complaint dismissed.

At the conclusion of oral argument on March 2, 1962, it was agreed in open court that—although the temporary restraining order had then expired—the defendants would not disturb the status quo as to petitioner until this Court had ruled. Having secured leave of Court, the petitioner then filed a supplemental brief. The filing by defendants of their supplemental answering brief on March 9 placed this matter in position for decision by this Court.

Paragraph 1 of the complaint as amended reads:

"1. Plaintiff, Ralph Trent Sorenson, is an individual residing at 800 Lafayette Road, Bryn Mawr, Pennsylvania; defendant, Selective Service System, is an agency of the United States with its National Headquarters at 451 Indiana Avenue,

N. W., Washington, D. C.; defendant, Bowles is State Director of Selective Service for the State of Iowa with his office at Building 68, Fort Des Moines, Des Moines 16, Iowa; defendant Hayes is Chairman of Selective Service System Local Board No. 13–29 located in Room 241, United States Post Office Building, Burlington, Iowa; defendant Rhule is Chairman of Selective Service System, Local Board No. 107 located in War Memorial Building, Bryn Mawr, Pennsylvania; defendants W. Glen George and Randolph C. Collins are members of Selective Service System Local Board No. 107; and defendant Col. Henry Gross is Pennsylvania State Director of Selective Service."

"1. (a) This action arises under the Universal Military Training and Service Act, 50 U.S.C.App. § 451 et seq. and under the Constitution of the United States. The matter in controversy exceeds the value of Ten Thousand Dollars ($10,000.) exclusive of interest and costs."

Although he now lives in Bryn Mawr, Pennsylvania, plaintiff's legal residence had been in Burlington, Iowa, until July, 1961. Since· February 26, 1954, he has been registered with Selective Service System Local Board No. 13–29, Burlington, Iowa—hereafter to be called *Board 13–29*. For some considerable length of time, at least—if not from the time of his registration—he has been classified I–A.

On January 8, 1962, petitioner telegraphed and wrote to Board 13–29 to the effect that he was a Conscientious Objector. Those communications, received by the Board on January 8 and January 11, respectively, requested that he be sent the Special Form for Conscientious Objector, SSS Form No. 150. On January 10, 1962, Iowa Board 13–29 mailed to petitioner the requested Form 150, which he received on January 12.

On the 11th of January the clerk of that Board wrote petitioner as follows:

"The information contained in your telegram dated 8 January 1962 to the effect that you are a Conscientious Objector was considered by the local board at its meeting on 10 January 1962.

"In accordance with Section 1625.-4 of the Selective Service Regulations the local board declined to reopen and consider anew your case. They felt a change was not justified.

"There is information from you in your file that you have attempted to enlist in the Armed Forces which would be contrary to the beliefs of a Conscientious Objector. Therefore, reopening was not considered warranted."

Petitioner complains of the action of Iowa Board 13–29 in thus denying his claim out of hand, on the same day that it mailed the form to him, since

"Form 150 is a special form for Conscientious Objectors, designed to secure information upon which the Local Board can make its determination of whether the Registrant is entitled to a I–O classification. * * * Thus they intentionally failed and refused to consider the evidence and information which Form 150 was designed to bring to their attention. Furthermore, on January 15, 1962, prior to the expiration of plaintiff's right to appeal and still not in receipt of completed Form 150, they mailed plaintiff an Order to report for induction."

On January 16, 1962, petitioner completed and mailed his Form 150. Meanwhile, on January 15, Iowa Board 13–29 had mailed to petitioner an order to report at Burlington, Iowa, on February 6, 1962, for induction. Petitioner notified Board 13–29 and defendant Col. Glen R. Bowles, Iowa State Director of Selective Service, that he demanded a hearing, cancellation of the Order, and an ap-

peal from the decision of the local board. Col. Bowles on January 22 replied:

"Your Selective Service file * * * has been reviewed.

"Your local board, at its regular meeting on 10 January 1962, reviewed your file and in accordance with the provisions of section 1622.4, SSR, declined to reopen and consider anew your classification.

"Throughout the years you have attempted to enlist * * * which actions are not compatible with your SSS Form 150 filed with your local board after the mailing of your Order to Report for induction.

"I find no justification for instructing your local board to reopen and consider anew your classification, and you will report for induction as ordered."

On January 30, Board 13–29 wrote petitioner to the same effect. On February 5 it acknowledged petitioner's letter of February 3, advised that it had again decided against reopening, and added: "You do not have any further appeal rights."

A further letter of February 6 from Col. Bowles advised petitioner that National Headquarters had reviewed the Sorenson file and in substance had ruled that the decision as to reopening, on the basis of the additional information and Form 150, rested in the discretion of the local board. Col. Bowles pointed out that the local board had reached that decision, and concluded:

" * * * I find no justification for further action. You will report for induction as ordered."

Thereafter, the petitioner upon his request was transferred by his local board in Burlington, Iowa to Local Board No. 107, Bryn Mawr, Pennsylvania, for delivery to an induction station. He then received Selective Service System Order For Transferred Man To Report For Induction directing him to report to Local Board #107, Bryn Mawr, at 6:30 A.M. on February 27, 1962.

## Jurisdiction over the Defendants

The complaint as amended names eight defendants. The four defendants whose names are the last appearing in the caption are all residents of Pennsylvania and subject to service of process within the territorial limits of Pennsylvania. They are: Homer Rhule, Chairman of Local Board No. 107, Bryn Mawr, Pennsylvania; W. Glen George and Randolph C. Collins, members of the same Board No. 107; and Col. Henry Gross, Pennsylvania State Director of Selective Service. Defendants do not assert that these parties have not been properly served with process.

As to the Iowa defendants, it appears that service by mail in accordance with (4) and (5) of Rule 4(d), Fed.R.Civ.P., has been made upon Col. Glen R. Bowles, Iowa State Director of Selective Service, and upon J. Milford Hayes, Chairman of Local Board No. 13–29, Burlington, Iowa.

The same kind of service by mail appears to have been made upon the national director, Lt. General Lewis B. Hershey, in Washington, D. C.

■ As to Selective Service System, an agency of the United States, it has not been shown that such agency is a suable entity, or that the United States has consented to be sued in this area. The purported service upon it is deemed ineffective, and the complaint is accordingly dismissed as to defendant Selective Service System.

There is no indication that the Selective Service System is an indispensable party, however. Thus there remain as parties defendant the four named Pennsylvania residents, personally served; and the two Iowa residents, plus the director in Washington, D. C., who were served by mail under the provisions of the Rules of Civil Procedure.

## Venue

■ Defendants argue that the complaint should be dismissed for lack of

proper venue, citing Title 28 U.S.C.A. § 1391:

"(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, except as otherwise provided by law."

They point out that defendant Hershey resides in the District of Columbia; that defendants Bowles and Hayes reside in the State of Iowa; and that in their official capacities may be sued only in those respective districts. They cite Title 28 U.S.C.A. § 1406(a) which provides:

"(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The United States Attorney argues that since defendants Hershey, Hayes, and Bowles are indispensable parties to this action, on whose behalf timely and sufficient objection to venue has been made, it follows that if this Court were to issue any order granting plaintiff's request for relief, such order would be without force or effect.

It is indisputable, on the other hand, that this Court has jurisdiction over the chairman and members of the Bryn Mawr, Pennsylvania Local Board # 107 —the board which issued the order to report for induction on February 27, 1962. Defendants say, however, that in issuing the order to report for induction on February 27, 1962, Local Board #107 of Bryn Mawr was merely acting as agent for the Burlington, Iowa, Local Board No. 13–29, in accordance with Selective Service Regulation § 1632.10.

Since all defendants are agents of the United States government, the mere circumstance of agency is not controlling. The nature of the Bryn Mawr board's particular agency in this case, however, gives support to the defendants' position. From the regulations quoted below, it is clear that the discretionary functions of

the Bryn Mawr board were limited to the making of two determinations which were entirely unconnected with the matters of which petitioner complains. Those decisions were: ascertaining that petitioner had good reason for his absence from his own local board, and determining that travel for induction to that distant board would be a hardship to him. Beyond that, its functions were ministerial if not automatic.

Petitioner had exhausted his attempts, by telegram and letter, to secure from the Iowa Local Board and Iowa State Director a reconsideration of the Order to Report for Induction February 6 at Burlington, Iowa. Thereafter, of his own volition, and for his own convenience, the petitioner took the steps necessary to procure his transfer to the Bryn Mawr Board for the purposes of induction, with the result that he finally received the Order for Transferred Man to Report for Induction on February 27 at Local Board #107, Bryn Mawr, Pennsylvania.

The pertinent Selective Service System Regulations appear in Title 32, C.F.R. § 1632—Delivery and Induction, and provide *inter alia:*

"§ 1632.9(a) Any registrant who is so far from his own local board that reporting to his own local board would be a hardship may * * * be transferred for induction to the local board having jurisdiction of the area in which he is at that time located.

\* \* \* \* \*

"(c) (2) If the local board with which the registrant files such application finds that he has a good reason for his absence from his own local board area and that he is so far from his own local board area that it would be a hardship for him to return to his own local board area for induction, it shall enter its approval * * * of Transfer * * *

\* \* \* \* \*

"(h) The local board to which the registrant has been transferred for

induction shall not substitute the transferred registrant for one of its selected men, but shall deliver the transferred registrant in addition to any deliveries it otherwise would make to fill its own call.

\* \* \* \* \*

"(k) The transferred registrant, if inducted, shall not be credited to the local board to which he was transferred for delivery, but shall be credited to his own local board."

From the quoted sections, it is thus apparent that the functions of the Local Board to which a registrant is transferred are limited to an initial determination that the registrant has good reason to be absent from his own local board area, and that distance therefrom would create hardship were he required to travel such distance for induction. 32 C.F.R. § 1632.9(c) (1) and (c) (2). Thereafter, its duties are entirely clerical and ministerial. It is significant that the board to which registrant transferred may not even count such transferee in its quota. 32 C.F.R. § 1632.9 (h) and (k).

At risk of repetitiousness, it must be noted that the only part which the Bryn Mawr Local Board has played in the entire recital of circumstances has been to grant registrant's application for transfer, which necessarily involved a finding that such transfer would avoid hardship to the registrant. The transfer, initiated at petitioner's request, resulted in a postponement of his induction date from February 6 to February 27, and changed the place to which he was to report to the place of his present residence, relieving him of the prospect of a trip almost halfway across the continent. The Bryn Mawr Board members and the Pennsylvania State Director had nothing whatsoever to do with the Registrant, his classification, his attempts to secure reopening, or the Order to Report for Induction. He is not a part of the Bryn Mawr quota; they merely allowed him to secure the transfer for his own and personal convenience.

Although there is no valid objection to venue in the cases of defendants Rhule, George, Collins, and Gross, who reside in Pennsylvania, it seems clear from the foregoing that no effective relief can be granted against them. Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 (1951).

There is no prescribed formula for determining whether a person is an indispensable party. Niles-Bement-Pond Co. v. Iron Moulders' Union, 254 U.S. 77, 41 S.Ct. 39, 65 L.Ed. 145 (1920). Practical considerations may not be overlooked. Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868 (1955); Shields v. Barrow, 58 U.S. 129, 15 L.Ed. 158 (1855). But here, by elimination—if for no other reason—it follows that some or all of the out of state defendants are indispensable parties. Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 (1951). In that light, the venue statute cited by defendants seems squarely applicable, i. e., the requirement that " \* \* \* [suit] \* \* \* may be brought only in the judicial district where all defendants reside \* \* \*." 28 U.S.C.A. § 1391(b).

The purpose of venue provisions is to afford a defendant some protection from being forced to defend an action in a district remote from his residence. 1 Moore, Fed.Pr. ¶ 0.140[1.1]; Jacobson v. Indianapolis Power & Light Co., 163 F.Supp. 218, 223 (N.D.Ind.1958); Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 168, 60 S.Ct. 153, 84 L.Ed. 167 (1939).

In the present application, the protection of the venue statute seems particularly applicable to the Iowa defendants. Otherwise, a registrant might move to any part of the country, secure transfer under the hardship provision of the Regulations when ordered to report for induction, and then force the members of the draft board with which he was registered to come to the new location, which he had himself chosen, to defend his suit for injunction.

The foregoing view of the case forecloses discussion of jurisdiction of the subject matter and, in particular, whether the provisions of the Administrative Procedure Act warrant the relief sought by petitioner. 5 U.S.C.A. § 1001. No Selective Service case has been seen in which that act was held applicable, and the contrary was held in Schwartz v. Strauss, 114 F.Supp. 438 (S.D.N.Y.1953). The latter case, petitioner has pointed out, relied upon Heikkila v. Barber, 345 U.S. 229, 73 S.Ct. 603, 97 L.Ed. 972 (1953); and that under the 1952 Immigration and Nationality Act, 8 U.S.C.A. § 1101 et seq., since passed, the Administrative Procedure Act was held applicable in Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868 (1955), cit. supra. It might be conceded that there may be judicial review in certain circumstances in Selective Service Cases, and that habeas corpus after conviction for failure to report for induction is not the only relief available to a registrant who deems himself to have been wrongfully denied as to his claim for exemption. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1945). But this is not a case where the Court must (in the words of the Estep opinions) "march up the hill when it is apparent from the beginning that [it] will have to march down again." ibid., 327 U.S. 114, 125 and 133, 66 S.Ct. 114, 429, 90 L.Ed. 567. Here it is more appropriate to say, following the same metaphor, that in the present venue, a court is simply not warranted in marching at all.

To hold the venue statute applicable in this case is not a matter of reverting to a technicality or outmoded legal sophistry. Cf. Stewart v. Hooks, 372 Pa. 542, 545, 94 A.2d 756 (1953). To the contrary, as the following discussion shows, the matter in simple fairness is not one to be decided by a tribunal which does not properly have before it the officials of the Selective Service System—residents of the State of Iowa or the District of Columbia—whose acts alone are those of which petitioner complains.

Section 1625.4 of the Selective Service Regulations provides that a local board may refuse to reopen a registrant's classification when it finds that such facts would not result in a change of classification. 32 C.F.R. § 1625. On the other hand, there is a statutory provision which provides a special kind of appeal in the conscientious objector cases. 50 U.S.C.A. Appendix § 456(j); see Witmer v. United States, 348 U.S. 375, 376–377, 75 S.Ct. 392, 99 L.Ed. 428 (1954). When a registrant comes within the provisions of that statute, his privilege cannot be defeated by a procedural regulation such as Selective Service Regulation § 1625.4. United States v. Underwood, 151 F.Supp. 874, 876 (E.D.Pa.1955).

When there is no apparent substance to the late-coming claim of conscientious objection, however, a Local Board's action in refusing to reopen is not arbitrary or capricious. United States v. Wilson, 132 F.Supp. 485, 492. (W.D.La.1955); United States v. Schoebel, 201 F.2d 31, 32 (7th Cir., 1953). There is nothing in the cases to show that the mere request for a Form 150, on the eve of induction, automatically invokes the special statutory review. Keene v. United States, 266 F.2d 378, cases collected p. 383 (10th Cir., 1959).

It is true that there are some decisions which have recognized a right to relief against arbitrary refusal to grant reopening in special circumstances. Townsend v. Zimmerman, 237 F.2d 376 (6th Cir., 1956); Tomlinson v. Hershey, 95 F.Supp. 72 (E.D.Pa.1949). In the latter case, the local board had neither acted upon the registrant's petition for deferment nor notified him of its action before ordering him to report for induction. Tomlinson v. Hershey, 95 F.Supp. 72 (E.D.Pa.1949). In two other such cases cited by petitioner, there were strong showings of merit on the facts established by the petitioners. Townsend v. Zimmerman, 237 F.2d 376 (6th Cir., 1956); Ex parte Fabiani, 105 F. Supp. 139 (E.D.Pa.1952). The Court of Appeals for the District of Columbia

Circuit, however, made this comment on the latter case in Lynch v. Hershey, 93 U.S.App.D.C. 177, 208 F.2d 523, 524 (D.C.Cir., 1954), cert. den. 347 U.S. 917, 74 S.Ct. 515, 98 L.Ed. 1072 (1954):

"It is said that Ex parte Fabiani, D.C.E.D.Pa.1952, 105 F.Supp. 139, is authority to the contrary in that a registrant, by petitioning for habeas corpus, may escape the choice between entering military service as ordered (with the possibility of habeas corpus later) and defending in a criminal proceeding for refusal to submit to induction. Insofar as the Fabiani case may be so interpreted, it does not, in our view, correctly state the law. * * * "

In the present posture of this petition, it is not possible for this Court to adjudicate. The defendants whose actions are sought to be challenged are, in literal fact, indispensable to any consideration of the question of whether petitioner was entitled to an appeal beyond that which is shown in this record. Therefore, this Court does not pass upon the question of whether in any event an injunction would lie; see Robert Hawthorne, Inc. v. United States Dept. of Interior, 160 F.Supp. 417, 419 (E.D.Pa. 1958): upon whether the suit is premature since the petitioner may never in fact be accepted for induction; Mason v. United States, 218 F.2d 375 (9th Cir., 1954); Lynch v. Hershey, 93 U.S.App. D.C. 177, 208 F.2d 523, 524 (1954), cert. den. 347 U.S. 917, 74 S.Ct. 515, 98 L.Ed. 1072 (1954); United States v. Balogh, 329 U.S. 692, 67 S.Ct. 625, 91 L.Ed. 605 (1947); Falbo v. United States, 320 U.S. 549, 554, 64 S.Ct. 346, 88 L.Ed. 305 (1944): nor upon the several other grounds asserted by the parties, which seem inapplicable in the light of the views heretofore stated.

For the foregoing reasons, it is the ruling of this Court that the Complaint of Ralph Trent Sorenson is dismissed and it is SO ORDERED.