**David Peter JOHNSON, Plaintiff,**

v.

**Ramsey CLARK, as Attorney General of the United States, Lewis B. Hershey, as Director of the Selective Service of the United States, Norman L. Erb, as Director of Selective Service of the State of Arizona, Leigh M. Watkins, as Chairman, and Louis F. Joslin, Warren Carter Gable, and Roland L. Franklin, as members, of Selective Service Board Number 27, Selective Service System, Defendants.**

**No. Civ–6558 Phx.**

United States District Court
D. Arizona.

March 18, 1968.

Jack Levine, Alan M. Kyman, and Daniel R. Salcito, Phoenix, Ariz., for plaintiff.

Edward Davis, U. S. Atty., and Richard C. Gormley, Asst. U. S. Atty., Phoenix, Ariz., for defendant.

## OPINION and ORDER

CRAIG, District Judge.·

This is a motion to dismiss the complaint of a Selective Service registrant who failed to submit to induction when ordered. He now seeks to enjoin Selective Service officials from enforcing their order, and to restrain the Attorney General of the United States from instituting criminal proceedings.

Plaintiff was originally classified I–A on May 26, 1965. On July 30, 1965 he filed a request that his Selective Service Local Board No. 27 classify him I–O, a conscientious objector available for civilian work contributing to the maintenance of the national health, safety, or welfare. On October 27, 1965 this request was denied and the registrant was again classi-

fied I–A. On November 2, 1965 an appeal of this classification was taken to Arizona Appeals Board No. 1. The Department of Justice conducted a hearing and investigation in this case and recommended a I–O classification. On November 16, 1967 the Appeals Board unanimously affirmed the Local Board No. 27 I–A classification, finding that "registrant's claim is of personal belief rather than the teachings of an organized religion." Plaintiff was ordered to report for induction on January 18, 1968. This Court denied on January 17, 1968 a temporary restraining order enjoining the induction. On January 18, 1968 plaintiff reported for induction but refused to submit. No criminal prosecution for failure to submit to induction has been initiated by the Department of Justice at the present time.

Defendants oppose the motion for an injunction on the ground that this Court lacks subject matter jurisdiction. This Court concludes that it has no jurisdiction over plaintiff's complaint in its present posture. Moskowitz v. Kindt, 273 F.Supp. 646 (E.D.Pa., 1967).

The Universal Military Training and Service Act provides that "the decisions of (the) * * * local board shall be final * * *." 50 App. U.S.C. § 460 (b) (3) (1967). Judicial review of local board decisions is narrowly prescribed in the same statute:

> "No judicial review shall be made of the classification or processing of any registrant by local boards * * * except as a defense to a criminal prosecution * * * after the registrant has responded either affirmatively or negatively to an order to report for induction * * *: *Provided*, That such review shall go to the question of the jurisdiction herein reserved to local boards * * * only when there is no basis in fact for the classification assigned to such registrant."

The report of the Armed Services Committee of the House of Representatives of May 18, 1967, (H.R. 267), See, 113 Congressional Record H–6284, H–6888 (1967), indicates that this statute is a codification of the holding on the question of the scope of judicial review in Estep v. United States, 327 U.S. 114, 122–123, 66 S.Ct. 423, 427, 90 L.Ed. 567 (1946):

> "The provision making the decisions of the local boards 'final' means to us that Congress chose not to give administrative action under this Act the customary scope of judicial review which obtains under other statutes. It means that the Courts are not to weigh the evidence to determine whether the classification made by the local board was justified. The decisions of the local boards made in conformity with the regulations are final even though they may be erroneous. The question of the jurisdiction of the local board is reached only if there is no basis in fact for the classification which it gave the registrant."

See, United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965); Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955); Wolff v. Selective Service Local Board No. 16, 372 F.2d 817 (2nd Cir., 1967); and Parrott v. United States, 370 F.2d 388 (9th Cir. 1966).

Courts have refused to review classifications except in two types of cases, namely: "either in a petition for habeas corpus or as a defense to prosecution for failure to submit to induction into the armed forces." Witmer v. United States, supra, 348 U.S. at 377, 75 S.Ct. at 394. This case fits into neither of these categories. Because plaintiff refused induction, the remedy of habeas corpus is not available to him; no criminal prosecution has been initiated.

A recent exception to this general rule which recognizes review in another type of case is Wolff v. Selective Service Local Board No. 16, supra, where the Court of Appeals for the Second Circuit held that if there was a clear showing of irreparable injury due to reclassification before induction was ordered, a justiciable

controversy was presented. In *Wolff* a registrant was reclassified by his local board from II–S (student deferment) to I–A following the registrant's participation in demonstrations protesting United States involvement in Vietnam. The Second Circuit determined that this reclassification constituted immediate infringement of the registrant's constitutionally guaranteed freedoms of speech and assembly. This infringement outweighed the traditional policy of judicial non-interference in Selective Service affairs prior to induction. The Court held that 50 App. U.S.C. § 460(b) (3) did not deprive district courts of jurisdiction to compel reclassification where a violation of constitutional rights was alleged.

This case is different from *Wolff*. There has been no abridgment of fundamental rights. Plaintiff remains free to practice his beliefs without interference. He has not been forced to modify his views to orthodox standards. The Supreme Court has interpreted 50 App. U.S.C. § 456(j) concerning "Supreme Being" and "religious belief" to include all sincere belief which "occupies a place in the life of its possessor parallel to that filled by the orthodox belief in God of one who clearly qualifies for the exemption." United States v. Seeger, supra, 380 U.S. at 166, 85 S.Ct. at 854. See, 50 App. U.S.C. § 456(j) as amended June 30, 1967, P.L. 90–40, § 1(4)–(7), 81 Stat. 100–104. If the local board has incorrectly applied the *Seeger* test in this instance, the time for re-dress will be if a criminal prosecution is begun, or if plaintiff submits himself for induction and thereafter petitions for writ of habeas corpus. Until that time the disarray of plans, emotional upset, and threat of imposition of unconstitutional sanctions is not the type of "irreparable injury" that will permit this Court to intervene. Wolff v. Selective Service Local Board No. 16, supra. In this instance, unlike *Wolff*, the injury which would give plaintiff standing to sue is actual service in the armed forces, not the reclassification.

To require a registrant who has been incorrectly classified to test his meritorious case only by way of a defense to a criminal prosecution or on habeas corpus may seem harsh and unfair. Nonetheless, both the statutes and the common law recognize only these two methods. This limitation plus the "no basis in fact" test set forth in *Estep* constitute a scope of review which is "the narrowest known to law." Keefer v. United States, 313 F.2d 773, 776 (9th Cir., 1963). However, until such time as a criminal prosecution is begun or plaintiff submits himself for induction and thereafter petitions for writ of habeas corpus, this Court has no jurisdiction to determine whether there was a "basis in fact" for the local board's decision.

Relying on *dicta* in Wolff v. Selective Service Local Board No. 16, supra, 372 F.2d at 826, suggesting that Federal Courts can take jurisdiction of classification cases at any time "a local board acts in flagrant disregard of the applicable regulations," plaintiff cites the case of Townsend v. Zimmerman, 237 F.2d 376 (6th Cir., 1956). There Judge, now Justice, Stewart enjoined an induction order where as a matter of law the board had violated the regulations concerning the deferment of married fathers. The present case poses no such clear-cut violation of regulations. The question of sincerity of beliefs as presented in this case is far more subject to varied interpretations than was the question in *Townsend*. This Court does not have before it all of the information available to the Appeals Board at the time of its decision in this case. There may have been compelling reasons which led the Board to reject the recommendation of the Department of Justice. Without all of the facts, this Court does not desire to, nor can it, impose its judgment in place of that of the Appeals Board.

It is ordered that for the foregoing reasons this complaint is dismissed for lack of jurisdiction over the subject matter.