Reverend Tommie R. SMITH, individually and on behalf of all others similarly situated

v.

Malcolm V. LEACH et al.

Civ. A. No. 11690.

United States District Court
N. D. Georgia,
Atlanta Division.

Dec. 4, 1968.

Howard Moore, Jr., Peter E. Rindskopf, Hugh W. Gibert, John Willaim Brent, Atlanta, Ga., Charles Morgan, Jr., Reber F. Boult, Jr., Atlanta, Ga., of counsel, for plaintiff.

Beverly B. Bates, Asst. U. S. Atty., Atlanta, Ga., for all defendants except Gov. Lester Maddox.

Before BELL, Circuit Judge, and HOOPER and EDENFIELD, District Judges.

## ORDER

EDENFIELD, District Judge.

This action against certain members of Selective Service Local Board No. 39, Coweta County, Georgia, and various other Selective Service officials, sought a declaration that parts of the Selective Service Act [1] and regulations thereunder are unconstitutional, that the local boards of Georgia are invalidly constituted, asked injunctive relief against their further enforcement, and prayed for a temporary restraining order. In the alternative, plaintiff prayed for discharge from military service if he had already been inducted. In addition, he asked for a declaratory judgment "setting out the rights and other legal relations of the parties."

Plaintiff also sought to frame his action as a class action under Rule 23, Fed. R.Civ.P., and to be heard by a three-judge District Court pursuant to 28 U.S.C. § 2281.

A temporary restraining order was held to be beyond the court's jurisdiction on April 1, 1968. On April 10, 1968, an order convening a three-judge court was issued by the Honorable John R. Brown, Chief Judge, Fifth Circuit Court of Appeals, with judgment reserved as to whether this matter was properly a case

1. 50 App.U.S.C.A. § 460(b) (3).

for a three-judge, rather than a one-judge, court. That matter was referred to the determination of the three judges, upon hearing all facts and arguments of law.

A renewed motion for temporary restraining order on May 16, 1968 was denied pending a hearing by the three-judge court on May 22.

On May 21, plaintiff was inducted into the Army. His counsel then amended the complaint, alleging various illegalities in the induction, and prayed for the writ of habeas corpus. Presumably, this replaced the alternative relief sought in the original complaint—"discharge * * from military service if he has already been inducted."

At the May 22 hearing it developed that plaintiff had presented proper evidence of fatherhood to Local Board 39, entitling him to a III–A classification which should have prevented his induction, and which made invalid his order to report.[2] Upon this showing, the hearing was recessed indefinitely, and plaintiff placed on leave, by agreement, pending investigation of the matter by the Army. Plaintiff was discharged from the Army on July 24, 1968, on the ground of "erroneous induction".

Defendants now move that the action be dismissed as moot, inasmuch as plaintiff's position before the Selective Service Administration now is as a mere registrant, not under any threat of induction.

Plaintiff opposes that motion, asserting that he has standing to maintain this action in that merely being a "registrant" is threat enough to give standing to maintain the action. Plaintiff also states the curious ground that injury suffered because of his brief "erroneous induction" now justifies injunctive relief against the draft board, preventing them from taking him in the future. Plaintiff states no authority for such a prayer. As to the prayer for a temporary

restraining order, plaintiff does admit that there is no longer sufficient threat to require that.

■ This action must be dismissed, for the following reasons:

First, and most simply, the complaint set out the relief desired (with the exception of the prayer for declaratory judgment), and in the alternative, asked for discharge (subsequently changed to application for the writ of habeas corpus). That alternative relief occurred. Plaintiff's present effort appears to be a back-pedaling to ask for cumulative relief, not alternative, and it is not well taken. Even if the court viewed present efforts as a de facto amendment to the complaint, however, three other reasons remain, other than mootness alone, why the action must fail.

■ First, other cases have been decided in the Courts of Appeals upon every legal question raised by plaintiff, except the merits of his prayer for injunction, and they are now pending before the Supreme Court: Clay v. United States, 397 F.2d 901 (5th Cir., 1968), pending on application for cert., docket #271; Sellers v. McNamara, 398 F.2d 893 (5th Cir., 1968), pending on application for cert. sub nom. Sellers v. Clifford, docket #979 misc., both decided adversely to plaintiff's contentions in the Court of Appeals. He will receive full protection of the rulings in those cases, and a ruling by this court would in any event be subject to the rulings in those cases.

■ Second, as to plaintiff's insistence that an injunction should issue even though he is under no threat of induction, the matter is settled by the determination that, based on the present state of the law, this court has no jurisdiction to issue such an injunction. Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955); Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946); Tamarkin v. Selec-

2. This fact would also have been a perfect defense to a prosecution for failure to report for induction, in that there was

"no basis in fact for the classification assigned to (the) registrant." 50 App. U.S.C.A. § 460(b) (3).

tive Service System, Local Draft Board No. 47, 243 F.2d 108 (5th Cir., 1957); Watkins v. Rupert, 224 F.2d 47 (2d Cir., 1955); Moskowitz v. Kindt, 273 F.Supp. 646 (E.D.Pa., 1967); Muhammad Ali v. Breathitt, 268 F.Supp. 63 (W.D.Ky., 1967), (application for injunction pending appeal denied, Muhammad Ali v. Gordon, April 17, 1967, 386 U.S. 1002, 87 S.Ct. 1365, 18 L.Ed.2d 451); and Feldman v. Local Board No. 22, 239 F.Supp. 102 (S.D.N.Y., 1964). See also 50 App. U.S.C.A. § 460(b) (3). Plaintiff's brief submitted in support of his motions contains the following statement: "The court has jurisdiction to grand [sic] injunctive relief against action of the draft board." This statement is supported by the unqualified citation of five cases. Of these five cases, one, Schwartz v. Strauss, 206 F.2d 767 (2d Cir., 1953), holds directly to the contrary. In a second case, Sorenson v. Selective Service System, 203 F.Supp. 786 (E.D.Pa., 1962), the district court actually dismissed the case for lack of venue and stated it would not pass on whether it had jurisdiction to grant an injunction, but strongly intimated that if it did rule on this issue, it would find it did not have such jurisdiction. At least that is the interpretation this court places on the district court's citation of cases on page 793. A third case, Townsend v. Zimmerman, 237 F.2d 376 (6th Cir., 1956), reversed a district court's denial of an injunction, but that case is, at best, only a physical precedent since the question of jurisdiction was not discussed and, so far as appears, not even raised. In a fourth case, Ex parte Fabiani, 105 F.Supp. 139 (E.D.Pa., 1952), the district court granted a writ of habeas corpus before the petitioner reported. The court agrees with the Court of Appeals for the District of Columbia which, in Lynch v. Hershey, 93 U.S.App.D.C. 177, 208 F.2d 523 (1954), stated that the *Fabiani* case is an incorrect statement of law. (The court further notes that this statement in *Lynch* is quoted in the *Sorenson* case, which plaintiff's attorneys have presumably read, since they cited it.) The fifth case, Wolff v. Selective Service Local Board No. 16, 372 F.2d 817 (2d Cir., 1967), found jurisdiction to lie in a very limited class of cases, i. e., those involving attempted suppression of First Amendment rights. Construed most liberally, plaintiff's complaint might appear to fall within the *Wolff* doctrine. However, all inductions tend to have an inhibiting effect upon First Amendment rights particularly freedom of speech. Therefore, to come within the scope of the *Wolff* decision, a complaint must be much more specifically and clearly drawn than is the case here.[3]

3. Of course, there is a further question of whether the 1967 amendment to Section 460(b) (3) in effect repudiated the Wolff decision and restored the Estep doctrine without the Wolff gloss. This court is of the opinion that the new amendment has that effect. However, this conclusion is not essential to these comments. Further, even if there were jurisdiction to grant an injunction, it would indeed be moot as contended by defendants. The threat of induction has been removed. While discontinuance of allegedly illegal conduct alone does not create the mootness which will vitiate grounds for an injunction, it is yet necessary to show " * * * some cognizable danger of recurrent violation, something more than the mere possibility * * *" to keep the case alive. United States v. W. T. Grant Co., 345 U.S. 629, 633, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953). There must be an evident course of continuing conduct to carry out the alleged threat. Custer Channel Wing Corp. v. Frazer, 181 F.Supp. 197 (S.D.N.Y., 1959). Plaintiff shows none. There is simply no such threat or restraint here as requires relief. Plaintiff urges the court to follow the action taken in Lewis v. Housing Authority of City of Talladega, Ala., 397 F.2d 178 (5th Cir., 1968). There, the court held that an action attacking a Housing Authority rule would survive a changing of the rule and revocation of eviction orders under the earlier rule. The decision was based upon two things: Plaintiffs were placed under a similar threat by the express terms of the new rule, and allegations of present worth—segregated public housing, and failure to comply with federal regulations—remained before the court. Here, as stated supra, there is no necessity to hear other allegations. Here, too, of course, there is no jurisdiction to grant the injunction.

■ Third, as to mootness generally, and perhaps most persuasive, plaintiff is prevented *by regulation* from being classified I–A and ordered to report, having proved fatherhood. The court does not doubt, moreover, that any ground that would cause the Army to discharge a man would prevent him from being retaken.

■ Finally, as to the merits of plaintiff's request for a three-judge court to hear and determine whether the anti-injunction provisions of Section 10 of the Military Selective Service Act of 1967 (50 App. U.S.C.A. § 460(b) (3)) are unconstitutional, the language of the Act merely establishes as statutory law the decision of the United States Supreme Court in Estep v. United States, supra. There is no visible question of constitutionality here as would require the convening of a three-judge court. Utica Mutual Ins. Co. v. Vincent, 375 F.2d 129 (2d Cir., 1967).

The basically defective nature of plaintiff's action, moreover, prevents his representing a class, rendering that prayer moot also.

Accordingly, defendants' motion to dismiss on ground of mootness is granted.