**George A. HUNT, Jr., Selective Service No. 9–45–45–1035,**

v.

**LOCAL BOARD NO. 197.**

**No. 69–1039.**

United States District Court
E. D. Pennsylvania.
June 27, 1969.

John David Egnal, Philadelphia, Pa., for plaintiff.

Victor Wright, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## OPINION AND ORDER

FULLAM, District Judge.

Plaintiff in this action requests a stay of induction and an order directing the defendant to reopen his selective service classification.

Originally, plaintiff sought, and was denied, classification as a conscientious objector. While an appeal from this denial was pending, the plaintiff and his wife sent letters to the local board requesting a III A deferment on the basis of fatherhood[1] and extreme hardship to the plaintiff's wife and unborn child.[2] Letters from Mrs. Hunt's treating physicians were also forwarded to the local board.

After the plaintiff's appeal was denied, the local board met, and after consideration of the documentary evidence in the file, denied plaintiff's request to reopen his classification.

The government has moved to dismiss. The threshold inquiry is whether section 10(b)(3) of the Military Selective Service Act of 1967, 50 App. U.S.C. § 460(b) (3), precludes review at this time.

"No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this title, after the registrant has responded either affirmatively or negatively to an order to report for induction, or for civilian work in the case of a registrant determined to be opposed to participation in war in any form * * *."

Plaintiff's counsel concedes that the holding of Oestereich v. Selective Service System Local Bd., 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968) is not germane to this case, and that the constitutionality of section 10(b)(3) was established in Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418 (1968).[3] Rather, plaintiff bases his argument on Justice Harlan's statement in his concurring opinion in Oestereich: "the procedure pursuant to which he was reclassified * * * [was] unlawful", 393 U.S. at 239, 89 S.Ct. at 417, and argues from this that any claim attacking the procedure of the local board is subject to pre-induction review.

Justice Harlan's reasoning was more precisely stated in another portion of the opinion:

"The pivotal language of § 10(b)(3), for present purposes, is the statute's proscription of pre-induction judicial review 'of the classification or processing of any registrant * * *.' I take the phrase 'classification or processing' to encompass the numerous discretionary, factual and mixed law-fact determinations which a Selective Service board must make prior to issuing an order to report for induction. I do not understand that phrase to prohibit review of a claim, such as that made here by petitioner, that the very statutes or regulations which the board administers are facially invalid." 393 U.S. at 240, 89 S.Ct. at 417.

Under any view of the matter, this plaintiff's claim falls within section

---

1. 32 C.F.R. § 1622.30(a).

2. 32 C.F.R. § 1622.30(b).

3. For a thorough review of prior case law and *Oestereich* and *Gabriel*, see, O'Neil, Review of Selective Service Reclassifications, 37 Geo.Wash.L.Rev. 536 (1969).

10(b)(3).[4] His theory is that the defendant's determination not to reopen his classification was contrary to the mandate of the regulation[5] as it is judicially interpreted,[6] and that this erroneous decision contravenes the guarantee of procedural due process—"the right to be heard",—since denial to reopen precludes him from a personal appearance and an appeal on his claim of a III A deferment.[7]

There is no claim that the local board did not meet and consider the new evidence.[8] [Complaint ¶ 8]; therefore, the due process requirement that an agency follow its own regulations was complied with. In essence, plaintiff's claim is that the local board erred in the application of the "prima facie" standard. However, he strenuously argues that because a classification determination is not directly at issue, review should be allowed. This contention is not persuasive, since section 10(b)(3) applies by its very terms to "classification and processing." Moreover, the challenged action of the local board involves an exercise of the function alluded to in *Gabriel* as within section 10(b)(3): "[the action of the board] inescapably involves a determination of fact and an exercise of judgment." 393 U.S. at 258, 89 S.Ct. at 426. The defendant's decision not to reopen entailed an evaluation of the documentary evidence and a judgment whether a prima facie case for a III A deferment was made out.

The plaintiff also relies on Townsend v. Zimmerman, 237 F.2d 376 (6th Cir. 1956), which was cited with approval by the Supreme Court in *Oestereich*. *Townsend* was an instance in which the local board refused to process the registrant's appeal, and the Sixth Circuit, per the then Circuit Judge Potter Stewart, granted pre-induction relief. The question of reviewability was not discussed. Moreover, the case is distinguishable because it involved clear violation by the local board of applicable regulations, whereas here the board has followed mandated procedures.

 Even if Justice Harlan's concurring opinion represents the proper interpretation of section 10(b)(3), in the ab-

---

4. Of course the propriety of the local board's refusal to reopen can be raised as a defense to a criminal prosecution, or by habeas corpus if the registrant submits to induction. *See e. g.*, Petrie v. United States, 407 F.2d 267 (9th Cir. 1969) (en banc); Stain v. United States, 235 F.2d 339 (9th Cir. 1956).

5. "When a registrant, any person who claims to be a dependent of a registrant, any person who has on file a written request for the current deferment of the registrant in a case involving occupational deferment, or the government appeal agent files with the local board a written request to reopen and consider anew the registrant's classification and the local board is of the opinion that the information accompanying such request fails to present any facts in addition to those considered when the registrant was classified or, even if new facts are presented, the local board is of the opinion that such facts, if true, would not justify a change in such registrant's classification, it shall not reopen the registrant's classification." 32 C.F.R. § 1625.4.

6. Stain v. United States, *supra*, n. 4, holds that a local board must reopen when a

"prima facie" case for the requested classification is found. The Ninth Circuit in Petrie v. United States, *supra*, n. 4, followed a district court's articulation of the meaning of "prima facie" case.

" * * * The Board is mandated into at least looking at the facts as stated, considering whether it has previously known those facts when its prior classification was made and considering whether the facts stated, if true, would, to *any* reasonable mind, justify a reclassification." United States v. Longworth, 269 F.Supp. 971, 974 (S.D.Ohio 1967).

7. Plaintiff's memorandum states at page 14: "Through an admittedly improper and unlawful act by the defendant [refusing to reopen], plaintiff has been deprived of his right to have evidence considered, his right to be heard, and his right to a de novo appeal."

8. Nor is this case like Miller v. United States, 388 F.2d 973 (9th Cir. 1967) where the local board ostensibly refused to reopen a request for a I O deferment, when, in fact, the local board had denied the deferment on the merits.

sence of any claim that the board violated the statute, or that the regulations it followed are themselves unconstitutional, this Court is powerless, at this stage, to review the local board's action.

### ORDER

And now, this 27th day of June, 1969, it is ordered that defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) is granted.