Arthur Paul WATKINS and Genesee Lime Products Company, Inc., Plaintiffs-Appellants,

v.

Phillip RUPERT, Chairman, Local Draft Board No. 76, Selective Service System, Defendant-Appellee.

No. 347, Docket 23687.

United States Court of Appeals Second Circuit.

Argued June 6, 1955.

Decided June 22, 1955.

Dennis J. Livadas, Rochester, N. Y., for plaintiffs-appellants.

Donald F. Potter, Asst. U. S. Atty. for Western Dist. of New York, Buffalo, N. Y. (John O. Henderson, U. S. Atty., Buffalo, N. Y., on the brief), for defendant-appellee.

Before CLARK, Chief Judge, CHASE, Circuit Judge, and RYAN, District Judge.

PER CURIAM.

██ The district court was clearly correct in refusing to give plaintiffs the relief they seek at this time. Judicial intervention in the selective service selection system—in any case drastically limited, 50 U.S.C.Appendix, § 460(b)—must await the exhaustion by the registrant of all administrative remedies. The exact point at which such remedies have been fully utilized may not always be easy to ascertain, but no judicial review has ever been held appropriate before the registrant has responded, either affirmatively or negatively, to the order of induction. Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305; Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567; Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392. Certainly no adequate showing of danger of irreparable harm, prerequisite to any kind of injunctive relief, can be made so long as the registrant has not decided whether or not to obey the induction order and before the government has decided whether or not to prosecute if he decides not to report. And if plaintiff Watkins is unwilling to run the gamut of criminal prosecution, he can test the legality of his induction after he has submitted to it by suing out a writ of habeas corpus.

The judgment is affirmed; and the plaintiffs' motion for intermediate relief, including additional time to perfect their appeal and stay of induction, is denied.