The ELGIN CORPORATION, Appellant,

v.

The ATLAS BUILDING PRODUCTS COMPANY, Appellee.

No. 5574.

United States Court of Appeals
Tenth Circuit.

Jan. 11, 1958.

Rehearing Denied Feb. 8, 1958.

Dee C. Blythe, Clovis, N. M. (Hubert O. Robertson, Silver City, N. M., was with him on the brief), for appellant.

W. A. Sloan and John P. Eastham, Albuquerque, N. M. (Scott, Hulse, Marshall & Feuille, El Paso, Tex., and Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, N. M., were with them on the brief), for appellee.

Before BRATTON, Chief Judge, and HUXMAN and BREITENSTEIN, Circuit Judges.

BRATTON, Chief Judge.

Invoking pertinent provisions of the Clayton Act, 38 Stat. 730, as amended by the Robinson-Patman Act, 49 Stat. 1526, 15 U.S.C.A. § 13, The Elgin Corporation instituted this action against The Atlas Building Products Company to recover damages for alleged price discrimination in the sale of concrete cinder building blocks, and also to obtain injunctive relief to prevent future discrimination of that kind. It was alleged in the complaint that plaintiff was a corporation organized under the laws of New Mexico; that its principal place of business was at Silver City, New Mexico; that it was engaged in the manufacture and sale at wholesale and retail of concrete cinder building blocks and related building materials wholly within New Mexico; that the defendant was a corporation organized under the laws of Texas; that its principal place of business was at El Paso, Texas; that it was engaged in the manufacture and sale at wholesale of concrete cinder building blocks; that it manufactured such blocks at El Paso and sold them to dealers and builders in both Texas and New Mexico; and that the sales to purchasers in New Mexico were made in the course of interstate commerce and in direct competition with plaintiff. It was further alleged that commencing in 1948

and continuing to the time of the institution of the action in 1956, defendant in the course of its business in interstate commerce had sold and was continuing to sell blocks in New Mexico to dealers and contractors at prices lower actually, or lower by reason of discounts and rebates, than those exacted for its products of like grade and quality from purchasers in Texas; that the practice constituted price discrimination; and that the effect of such price discrimination might be substantially to lessen competition or tend to create a monopoly in a line of commerce, or to injure, destroy, or prevent competition by plaintiff with persons who received the benefits of such discrimination, or with customers of either of them. It was further alleged that commencing in 1948 and continuing to the time of the institution of the action, defendant in the course of interstate commerce had systematically sold and was continuing systematically to sell blocks in New Mexico to dealers and contractors at prices lower actually, or lower by reason of discounts and rebates, than those exacted by the defendant for products of like grade and quality elsewhere in the United States for the purpose of destroying competition and eliminating competitors, particularly plaintiff. And it was further pleaded that the defendant sold blocks manufactured at El Paso to dealers in New Mexico at varying base prices, less varying discounts, plus charges for freight which were less than actual cost of such freight; that the defendant absorbed part of the freight charges, thus resulting in further discrimination in the delivered price of the products; that the defendant adhered to no base price in bidding on contracts with building contractors in New Mexico but consistently underbid all other bidders, including plaintiff, by any amount necessary to get such contracts; that the prices exacted by the defendant in New Mexico frequently were below the cost of production plus transportation; that such prices were unreasonably low and were made for the purpose of destroying competition and eliminating competitors, particularly plaintiff; that such prices constituted price discrimination; and that the effect of such price discrimination might be substantially to lessen competition or tend to create a monopoly in a line of commerce, or to injure, destroy, or prevent competition by plaintiff with defendant and with persons who received the benefit of such discrimination, or with customers of either of them. The defendant denied discriminating in prices; denied that plaintiff had suffered damages resulting from illegal acts and practices on the part of defendant; pleaded good faith in meeting the equally low price of a competitor; and pleaded limitation. The cause was tried to a jury. The jury returned a verdict for defendant. Judgment was entered upon the verdict; plaintiff appealed; and for convenience, continued reference will be made to the parties as plaintiff and defendant, respectively.

Error is predicated upon the action of the court in denying the motion to strike from the amended answer the defense of good faith in meeting the equally low price of a competitor. The substance of the defense pleaded was that if the defendant had discriminated, which was specifically denied, such discrimination was made in good faith to meet the equally low price of a competitor. It is argued that the defense was not only inconsistent with other defenses raised in the amended answer and with various affidavits and answers to interrogatories filed in the case, but was inconsistent within itself. In presently pertinent part, Rule of Civil Procedure 8(e)(2), 28 U.S.C.A., provides that a party may state as many separate defenses as he has regardless of inconsistency. It is clear that under the sweep of the rule, defendant was at liberty to plead the defense of good faith in meeting the equally low price of a competitor, even though it may have been inconsistent with other defenses raised and with various affidavits and interrogatories filed in the case. Southwestern Packing

**10**

Co. v. Cincinnati Butchers' Supply Co., 5 Cir., 139 F.2d 201; M. Snower & Co. v. United States, 7 Cir., 140 F.2d 367; Fidelity & Deposit Co. of Maryland v. Krout, 2 Cir., 146 F.2d 531; Washington Annapolis Hotel Co. v. Riddle, 83 U.S.App.D.C. 288, 171 F.2d 732. And it is further argued that the defense was interposed so late that plaintiff had to go to trial without an opportunity to prepare to meet the issue. The defense was not pleaded in the original answer. It was first tendered in the amended answer filed four days before the trial of the case. But in connection with oral argument at a hearing upon other matters soon after the institution of the action, defendant requested and was granted leave to amend its answer to raise the defense. And at a pre-trial conference held more than a month prior to the trial of the case, defendant again requested and again was granted leave to amend its answer to tender the issue. But in neither instance was an order entered formally granting leave to amend. After leave to amend had been twice informally granted and almost a month prior to the trial of the case, plaintiff submitted further interrogatories to be answered by defendant. Some of such interrogatories pertained to the defense of meeting an equally low price of a competitor. These were answered but plaintiff says that the answers were evasive and insufficient. It is manifest however that plaintiff was on notice long in advance of the trial that the issue of good faith in meeting the equally low price of a competitor would be tendered and that plaintiff had sufficient time in advance within which to prepare for trial upon it. And moreover, after the motion to strike had been denied, no effort was made to obtain additional time within which to prepare for trial. Instead, plaintiff went voluntarily to trial upon the case at large. We think that the motion to strike was not well founded and that its denial did not constitute error.

The instructions given to the jury are subjected to challenge in respect to correctness and sufficiency. It is argued that the court in its instructions failed to define the word or term "monopoly" or to provide a standard for applying it. It is further argued that the court used the verbiage "meet competition", "different competitive or other conditions", and "circumstances or certain conditions may justify a lower price in one area than is charged in another"; that such verbiage was not defined in any way; that it was contrary to law; that it was in conflict with the instructions upon the meeting of the equally low price of a competitor; and that it could not have failed to confuse the jury. It is further argued that the court improperly defined price discrimination, using permissive rather than mandatory language. It is further argued that the court·erred in instructing the jury that it "had the right" to consider any difference in prices exacted by defendant at El Paso and those exacted in New Mexico, rather than making such consideration mandatory. It is further argued that the instructions were defective and deficient in failing to include certain essential elements of the defense of good faith in meeting the equally low price of a competitor. It is further argued that in a geographic price discrimination suit between competing sellers, the law does not require that discriminatory sales to be actionable must have been made to competing purchasers in the same area, and that the instructions to that effect were erroneous. It is further argued that the instructions were erroneous in that they required plaintiff to prove a causal connection between defendant's discrimination in prices and plaintiff's injury as the result thereof. And it is further argued that the four-year statute of limitations in New Mexico was applicable to this case; that acts of price discrimination which occurred more than four years before the commencement of the action but not discovered by plaintiff until within the four year period were actionable; and that the instructions erroneously limited recovery of damages to the period of four years preceding the filing of the com-

plaint. No exceptions were directed to the instructions upon these grounds, respectively. And it is held without deviation that in ordinary circumstances a question relating to the correctness or sufficiency of instructions is not open to review on appeal unless the matter was brought to the attention of the trial court by exception or in some other appropriate manner. Smith v. Welch, 10 Cir., 189 F.2d 832; R. Olsen Oil Co. v. Fidler, 10 Cir., 199 F.2d 868; Atchison, Topeka & Santa Fe Railway Co. v. Andrews, 10 Cir., 211 F.2d 264; White Auto Stores v. Reyes, 10 Cir., 223 F.2d 298; Nephi Processing Plant, Inc., v. Talbott, 10 Cir., 247 F.2d 771. These questions not having been brought to the attention of the trial court by exceptions to the instructions, they are not open to review on appeal.

■ A further ground of attack upon the instructions given to the jury is that the burden of proof was erroneously placed upon plaintiff to establish the effect of defendant's price discrimination upon plaintiff and permitted the jury to consider the prices paid by ultimate consumers and their reasons for purchasing defendant's products instead of plaintiff's in determining the presence or absence of the effects proscribed by the Clayton Act, as amended. The substance of the instructions to which the attack is directed was that the price discrimination charged in the complaint must be established by a preponderance of the evidence and must be sufficient to warrant the reasonable and logical inference therefrom that the price discrimination was such that it might lessen competition, or tend to create a monopoly, or to injure, destroy, or prevent competition, with any person who received or benefited therefrom, or with customers of either of them; that the evidence did not have to establish that a monopoly actually occurred; that it was sufficient if there was a reasonable possibility that unlawful acts of the defendant tended to create a monopoly; and that although price discrimination with reasonable possibility of producing

harmful effects must have been established by the evidence, it was not necessary to prove that the defendant intended to discriminate in price to the extent and in a manner that would constitute a violation of law by causing or tending to cause the harmful effects mentioned. The Clayton Act, as amended, does not have the effect of making any and every differential in price in various areas illegal price discrimination within the intent and meaning of the Act. The Act concerns itself with price discrimination which is reasonably calculated to lessen competition, or tends to create a monopoly, or to injure, destroy, or prevent competition with any person who either grants or knowingly receives the benefits of discrimination of that kind, or with customers of both of them. Corn Products Refining Co. v. Federal Trade Commission, 324 U.S. 726, 65 S.Ct. 961, 89 L.Ed. 1320; Chicago Sugar Co. v. American Sugar Refining Co., 7 Cir., 176 F.2d 1, certiorari denied 338 U.S. 948, 70 S.Ct. 486, 94 L.Ed. 584. And the burden rested upon plaintiff to establish price discrimination of that kind and character. Balian Ice Cream Co. v. Arden Farms Co., 9 Cir., 231 F.2d 356, certiorari denied 350 U.S. 991, 76 S.Ct. 545, 100 L.Ed. 856. We have no difficulty in reaching the conclusion that the portions of the instructions now challenged, considered in their entirety, constituted a correct exposition of the applicable principles of law with respect to the burden of proof to establish a prima facie case of price discrimination.

■ The refusal of the court to give a requested instruction relating to limitations is assigned as error. The suit was instituted January 4, 1956. Making application of the law of New Mexico respecting limitations, the substance of the requested instruction was that if the issues were decided in favor of plaintiff, the jury might award damages accruing between January 5, 1952, and the time of the return of the verdict; and further, that if the jury found from the evidence that there were acts of price discrimination which occurred prior to

January 5, 1952, but were not discovered by plaintiff until after that period began to run, damages could be awarded for injuries resulting therefrom. The crux of the instruction upon which emphasis is placed was that in addition to recovering damages which accrued during the four-year period preceding the institution of the suit, plaintiff was entitled to recover damages for acts of price discrimination occurring prior to that time but not discovered by plaintiff until some time during such period. Whether price discrimination occurred prior to the beginning of the four-year period but was not discovered until some time during such period was a question of fact. The evidence in the case was not brought to this court as a part of the record. It is not before us. And in the absence of the evidence, it cannot be said that the requested instruction was pertinent or was susceptible of adaptation to the proof.

Another contention is that the court erred in refusing to give a requested instruction in respect to returning a verdict for plaintiff for nominal damages. The court instructed the jury in conventional language concerning the return of a verdict for actual or compensatory damages. Plaintiff submitted a requested instruction charging in substance that if the issues were found in favor of plaintiff, the jury must return a verdict of at least nominal damage of $1.00, and that the maximum amount for which a verdict could be returned was $75,000. Of course, instructions relating to damages should be given or denied in the light of the facts in the particular case. It may be that if the evidence adduced upon the trial disclosed illegal price discrimination on the part of defendant but failed to show substantial damage to plaintiff as the result of such wrong, the jury should have been instructed that in those circumstances a verdict should be returned for nominal damages. But we do not explore that field. Instead, we pretermit doing so until an appropriate occasion presents itself. For present purposes, it is enough to say again that the evidence is not before us, and that in the absence of the evidence it cannot be said that the refusal to give the requested instruction constituted error.

Other contentions are advanced for reversal of the judgment, but we think that they are without substance and do not merit discussion.

The judgment is Affirmed.