Warren Ira FELDMAN, Plaintiff,

v.

**LOCAL BOARD NO. 22 OF the SELEC-
TIVE SERVICE SYSTEM and the Di-
rector of Selective Service of the City
of New York, Defendants.**

United States District Court
S. D. New York.

Sept. 12, 1964.

Alfred W. Charles, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, for defendants; Arthur S. Olick, Asst. U. S. Atty., of counsel.

McLEAN, District Judge.

On August 11, 1964, plaintiff filed his "petition for review and complaint" in this court. It alleges that the court has jurisdiction by virtue of 5 U.S.C. § 1009 and 28 U.S.C. § 2201. It alleges that on August 7, 1964 defendants issued an order directing plaintiff to appear for induction into the Armed Forces of the United States on August 10, 1964, that the order was issued "pursuant to United States Code Title 50 Appendix, Section 456(c) (2) (D)," that that section does not apply to plaintiff, and that therefore the order was unlawful and void. The relief asked is that defendants be enjoined from "executing the outstanding order for the induction of the plaintiff," and "from inducting the plaintiff into the Armed Forces of the United States," and that this court render a declaratory judgment declaring that the order for induction is null and void.

On the same day, August 11, 1964, plaintiff moved, by order to show cause returnable on August 18, 1964, for an order "setting aside" the induction order issued by defendants. Defendants not only oppose this motion, but also suggest that this court lacks jurisdiction of the subject matter of this action and that the court should therefore dismiss the action on its own motion under Rule 12(h).

■■ The first problem is to decide what kind of a motion this is. It is not in form a motion for a preliminary injunction, for it seeks final relief, not relief pendente lite. If plaintiff conceives it to be a motion for summary judgment, it obviously violates Rule 56 in that it was made on the very day that the complaint was filed. Contrary to Rule 9(d) of the General Rules of this court, the moving papers give no clue as to the Rule of Civil Procedure under which plaintiff believes he is proceeding. Rather than deny the motion out of hand as a premature attempt to obtain summary judgment, I will treat it as a motion for a preliminary injunction, of a semimandatory nature, i. e., for an order directing defendants to rescind the order of induction and restraining them from issuing a new one pending the final determination of this action.

Most of the facts are undisputed. Plaintiff was born on September 11, 1938. On his eighteenth birthday, September 11, 1956, he registered under the selective service system with Local Board 22 ("the Board") in the Bronx, where he then lived. He was first given a deferred status because he was a student. When he finished his schooling he was classified 1-A on March 11, 1959. On August 11, 1960 he enlisted in the Army Reserve, in Company A, 854th Engineers Battalion, stationed at Monticello, New York, where plaintiff was then sojourning. The

Board thereupon on September 21, 1960, reclassified him as 1–D, a deferred classification.

After doing his six months' active military service, plaintiff returned to Company A for reserve duty. This involved attending meetings once a week and attending summer camp for two weeks each year for 5½ years. Plaintiff failed to attend the summer camp in 1963, although his commanding officer had declined to excuse him from attendance. He also failed to attend many weekly meetings. Concededly, plaintiff was an unsatisfactory reservist. In November 1963 his commanding officer so reported to the Board. The Board thereupon, on December 18, 1963, classified plaintiff 1–A. Plaintiff protested this classification and when the Board refused to change it, he appealed to the Appeal Board, which sustained the 1–A classification on June 18, 1964.

On June 23, 1964 the Board ordered plaintiff to report for induction on July 7. Plaintiff then claimed that he lived in Monticello, not the Bronx. The Monticello draft board took plaintiff at his word and on July 6, 1964 issued an order directing him to report for induction in Monticello on August 10. Plaintiff then filed a notice stating that he had moved back to the Bronx. The Monticello board notified Local Board 22 in the Bronx, with the result that Local Board 22 on August 7 directed plaintiff to report for induction on August 10 at 39 Whitehall Street, New York, N. Y. This is the order which plaintiff asks this court to set aside. Plaintiff has not complied with the order and has not appeared at 39 Whitehall Street for induction.

Up to this point there is no dispute. The only question of fact, if it can be called that, is plaintiff's assertion in his complaint and moving papers that the Board in issuing its induction order acted pursuant to United States Code Title 50 Appendix, Section 456(c) (2) (D). That section provides, as far as pertinent, as follows:

"Notwithstanding any other provision of this Act, the President, under such rules and regulations as he may prescribe, may provide that any person enlisted or appointed after October 4, 1961, in the Ready Reserve of any reserve component of the Armed Forces * * * or any person * * * enlisted in the Ready Reserve of any reserve component prior to attaining the age of eighteen years and six months and deferred under the prior provisions of this paragraph * * * who fails to serve satisfactorily during his obligated period of service as a member of such Ready Reserve * * may be selected for training and service and inducted into the armed force of which such reserve component is a part, prior to the selection and induction of other persons liable therefor."

This section does not fit plaintiff's case because plaintiff enlisted in the Ready Reserve before October 4, 1961 and he was more than 18½ years old at the time of his enlistment.

The Board denies that it acted pursuant to this section. It claims that it acted pursuant to Title 50 United States Code Appendix, Section 455(a) and regulations pursuant thereto, 32 C.F.R. § 1631.7. These are general provisions giving the Board power to classify registrants without particular reference to their previous unsatisfactory service in the Army Reserve. The Board's position is that plaintiff was originally granted a deferred status only as long as he was a satisfactory reservist, that when his commanding officer reported that he was not satisfactory, the deferred status was revoked, that plaintiff was then classified 1–A and that thereafter the induction order followed in due course as a matter of routine.

I believe it unnecessary to determine which section of the statute was in fact the basis of the Board's action, for reasons which will presently appear.

The question of the court's jurisdiction over the subject matter of this action must first be considered. Jurisdiction over the subject matter "means the kinds

of issues which give right of entrance to federal courts." Skelly Oil Co. v. Phillips Co., 339 U.S. 667, 671, 70 S.Ct. 876, 879, 94 L.Ed. 1194 (1950)

This right of entrance must be afforded by a federal statute. The federal courts have power to entertain litigation only "within the restricted area to which the Constitution and Acts of Congress confine them." Skelly Oil Co v. Phillips Co., supra

As previously stated, the complaint alleges that this court has jurisdiction under 28 U.S.C. § 2201 and 5 U.S.C. § 1009. Plaintiff is clearly wrong on both counts. 28 U.S.C. § 2201 is the declaratory judgment statute which authorizes the court "in a case of actual controversy within its jurisdiction," to declare the rights and legal relations of the parties. This is not a jurisdictional statute. It merely empowers the court to grant this particular type of relief in a case of which it has jurisdiction by virtue of some other statute. Skelly Oil Co. v. Phillips Co., supra.

5 U.S.C. § 1009 is the section of the Administrative Procedure Act which provides for judicial review of the decisions of administrative agencies. This also is not a jurisdictional statute. Ove Gustavsson Contracting Company v. Floete, 278 F.2d 912 (2d Cir. 1960).

Moreover, it does not apply in any event to decisions of draft boards under the Universal Military Training and Service Act, for that act expressly provides (50 U.S.C. App. § 463(b)) that "All functions performed under this title * * * shall be excluded from the operation of the Administrative Procedure Act * * *."

Although the complaint does not mention 28 U.S.C. § 1331, I have nevertheless considered whether that section gives jurisdiction to this court to entertain the present action. In my opinion it does not. That section confers upon the district courts jurisdiction "of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000 * * * and arises under the Constitution, laws or treaties of the United States."

Wholly apart from the question as to whether this action involves more than $10,000, a question which is debatable, the section is inapplicable in any event because the complaint does not allege a presently justiciable controversy. The presence of such a controversy is an essential prerequisite to jurisdiction. United Public Workers of America v. Mitchell, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 (1947); International Longshoremen's & Warehousemen's Union Local 37 v. Boyd, 347 U.S. 222, 74 S.Ct. 447, 98 L.Ed. 650 (1954).

The complaint asks this court to enjoin defendants from "executing" the order of induction and from "inducting" plaintiff into the Armed Forces. But it is the Army, not the Board, that does the executing and the inducting. "A board order to report is no more than a necessary intermediate step" in the process of induction. Falbo v. United States, 320 U.S. 549, 553, 64 S.Ct. 346, 348, 88 L.Ed. 305 (1944).

Plaintiff has not presented himself for induction. If he does, the Army may reject him, in which event the whole issue will become academic. If plaintiff does report for induction and is accepted, he may test out his claim by habeas corpus. Billings v. Truesdell, 321 U.S. 542, 64 S.Ct. 737, 88 L.Ed. 917 (1944).

If he refuses to be inducted and is thereafter prosecuted for refusing, he may interpose his contention as a defense. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946).

Plaintiff is asking this court to review the Board's determination despite the fact that it is not yet apparent that he will be adversely affected by it. He is seeking, in advance of presenting himself for induction, to obtain a judicial decision that the Board was wrong so that he may thereby be relieved of the necessity of making up his mind whether or not to obey the Board's order. This he may not do. His action is premature and

his claim is not ripe for adjudication. See Falbo v. United States, supra.

The Supreme Court, referring to the Universal Military Training and Service Act, has said that "There is no direct judicial review of the actions of the Appeal Boards." Witmer v. United States, 348 U.S. 375, 377, 75 S.Ct. 392, 394, 99 L.Ed. 428 (1955).

And although the Court has also said, in a criminal case, that a registrant may question the jurisdiction of the draft board where there was no "basis in fact" for its classification (Estep v. United States, supra), it does not follow that even a claim of lack of jurisdiction on the part of the board may be raised in an action such as this, instituted prior to any induction of the plaintiff.

Watkins v. Rupert, 224 F.2d 47 (2d Cir. 1955) is controlling authority for the proposition that no preliminary injunction can be granted here. In that case, as here, the registrant had been ordered by the draft board to report for induction and without doing so he began an action to restrain the board and for a declaratory judgment that he could not be inducted. The Court of Appeals affirmed the order of the district court denying a motion for a preliminary injunction saying that "no judicial review has ever been held appropriate before the registrant has responded, either affirmatively or negatively, to the order of induction" (224 F.2d 47 at 48).

Tamarkin v. Selective Service System, Local Draft Board, No. 47, 243 F.2d 108 (5th Cir. 1957), cert. denied, 355 U.S. 825, 78 S.Ct. 33, 2 L.Ed.2d 39 (1957), is another decision to the same effect.

Moreover, in Watkins v. Rupert, supra, although the per curiam opinion does not say so expressly, I gather that not only was the preliminary injunction denied, but also that the action was dismissed. The opinion concludes by affirming the "judgment," and the headnote says that the action was dismissed.*

This opinion constitutes the court's findings of fact and conclusions of law.

Plaintiff's motion is denied. The action is dismissed for lack of jurisdiction over the subject matter.

So ordered.

---

\* I have not been able to verify this from the record because the record is not available.