CONTINENTAL OIL COMPANY,
Appellant,

v.

The FRONTIER REFINING COMPANY,
Appellee.

No. 7895.

United States Court of Appeals
Tenth Circuit.

Dec. 1, 1964.

Everett Clary, Los Angeles, Cal. (John W. Lowe, of Brayton, Lowe & Hurley, Salt Lake City, Utah, A. T. Smith, Denver, Colo., O'Melveny & Myers, Homer I. Mitchell, Henry C. Thumann and Alan I. Rothenberg, Los Angeles, Cal., on the brief), for appellant.

Tilford A. Jones, Washington, D. C. (Norman L. Meyers, Elmer E. Batzell, Edwin Jason Dryer, Washington, D. C., Arthur H. Nielsen, of Nielsen, Conder & Hansen, Salt Lake City, Utah, Stanley R. Medsker, Denver, Colo., and Richard E. Harris, Salt Lake City, Utah, on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

PER CURIAM.

This appeal is from an interlocutory order entered by the court below granting a preliminary injunction.

The action was commenced by appellee, The Frontier Refining Company (Frontier), under the provisions of the Clayton Act, 38 Stat. 730, as amended by the Robinson-Patman Act, 15 U.S.C.A. § 13, and under section 1 of the Sherman Act, 15 U.S.C.A. § 1. It was brought to enjoin certain alleged unlawful pricing practices on the part of appellant, Continental Oil Company (Continental) and to recover treble-damages for the injuries suffered as a result of such practices.

The complaint prayed for the issuance of a temporary restraining order as well as for a preliminary injunction and, after trial, a permanent injunction. On the same day the complaint was filed, the court issued a temporary restraining order and an order to Continental directing it to show cause why the preliminary injunction should not be entered. The temporary restraining order was kept in force until the hearings were had on the issuance of the preliminary injunction. These hearings were held over a period of three days and at the conclusion thereof, the court granted the preliminary injunction. This appeal was taken.

At the outset, we recognize that our review of an order granting or denying a preliminary injunction is limited to determining whether the trial court abused its discretion and, in making such a determination, the merits of the case may be considered only insofar as they have a bearing, if any, upon the question of sound judicial discretion.[1] The function of a preliminary injunction is to preserve the status quo pending a final determination of the rights of the parties.[2] It should be issued only where the plaintiff makes out a prima facie case showing a reasonable probability that he will ultimately be entitled to the relief sought[3] and that irreparable damage will possibly result if the relief is not granted pendente lite.[4] But, it has been said that: " * * * To justify a temporary injunction it is not necessary that the plaintiff's right to a final decision, after a trial, be absolutely certain, wholly without doubt; if the other elements are

1. United States v. Brown, 10 Cir., 331 F. 2d 362, and cases therein cited. And, see 7 Moore's Federal Practice (2nd Ed.), § 65.04 [2], pp. 1630–1636.

2. Tanner Motor Livery, Ltd. v. Avis, Inc., 9 Cir., 316 F.2d 804, cert. denied, 375 U.S. 821, 84 S.Ct. 59, 11 L.Ed.2d 55; Wooten v. Ohler, 5 Cir., 303 F.2d 759.

3. Crane Company v. Briggs Manufacturing Company, 6 Cir., 280 F.2d 747; H. E. Fletcher Co. v. Rock of Ages Corporation, 2 Cir., 326 F.2d 13; Speedry Products, Inc. v. Dri Mark Products, Inc., 2 Cir., 271 F.2d 646.

4. Industrial Electronics Corporation v. Cline, 3 Cir., 330 F.2d 480; Speedry Products, Inc. v. Dri Mark Products, Inc., supra; Watkins v. Rupert, 2 Cir., 224 F. 2d 47; Celebrity, Inc v Trina, Inc., 1 Cir., 264 F.2d 956.

present (i. e., the balance of hardships tips decidedly toward plaintiff), it will ordinarily be enough that the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberate investigation." [5]

■ Section 1 of the Sherman Act, 15 U.S.C.A. § 1, provides that, with certain exceptions not material here, every contract, combination or conspiracy in restraint of trade or commerce is unlawful. Section 2(a) of the Clayton Act, as amended by the Robinson-Patman Act, 15 U.S.C.A. § 13(a), provides that: "It shall be unlawful for any person engaged in commerce, in the course of such commerce, either directly or indirectly, to discriminate in price between different purchasers of commodities of like grade and quality, where either or any of the purchases involved in such discrimination are in commerce * * * and where the effect of such discrimination may be substantially to lessen competition * * * or to injure, destroy, or prevent competition with any person who either grants or knowingly receives the benefit of such discrimination. * * *" A mere difference in price is a price discrimination within the meaning of the statute.[6] But, the existence of area price differentials is not, in and of itself, sufficient to establish a violation of the Robinson-Patman Act. The plaintiff must also prove that there is a reasonable possibility that the effect of the price discrimination will be a substantial lessening of competition or a tendency to create a monopoly or to injure, destroy or prevent competition.[7] The plaintiff must further prove a causal connection between the price discrimination and the alleged injuries as well as the damages suffered[8] and, of course, that the purchases were in interstate commerce.

■ It would serve no useful purpose to discuss in detail the evidence presented at the hearing on the motion for preliminary injunction. Suffice it to say that we have examined the allegations of the complaint and motion and the affidavits and we are convinced that the lower court did not abuse its discretion in issuing the preliminary injunction. There is a sufficient showing of possible irreparable injury and the reasonable probability that the plaintiff ultimately will be entitled to the relief it seeks in this case.

■ Appellant urges that the preliminary injunction is fatally defective because it was granted and entered without requiring appellee to furnish a bond. We do not agree. Rule 65(c), F.R. Civ.P., 28 U.S.C.A., recites in part as follows: "No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper * * *." Under this rule the trial judge has wide discretion in the matter of requiring security and if there is an absence of proof showing a likelihood of harm, certainly no bond is necessary.[9] Appellant also cites and relies upon 15 U.S.C.A. § 26 in support of its

5. Hamilton Watch Co. v. Benrus Watch Co., 2 Cir., 206 F.2d 738, 740.

6. Federal Trade Commission v. Anheuser-Busch, 363 U.S. 536, 80 S.Ct. 1267, 4 L.Ed.2d 1385.

7. Federal Trade Commission v. Anheuser-Busch, supra; Federal Trade Commission v. Morton Salt Co., 334 U.S. 37, 68 S.Ct. 822, 92 L.Ed. 1196; Atlas Building Prod. Co. v. Diamond Block & Gravel Co., 10 Cir., 269 F.2d 950, cert denied, 363 U.S. 843, 80 S.Ct. 1608, 4 L.Ed.2d 1727; Elgin Corporation v. Atlas Building Products Co., 10 Cir., 251 F.2d 7, cert. denied, 357 U.S. 926, 78 S.Ct. 1371,

2 L.Ed.2d 1370; Tri-Valley Packing Association v. F. T. C., 9 Cir., 329 F.2d 694; American Oil Company v. F. T. C., 7 Cir., 325 F.2d 101, cert. denied, 377 U.S. 954, 84 S.Ct. 1631, 12 L.Ed.2d 498; Anheuser-Busch Inc. v. F. T. C., 7 Cir., 289 F.2d 835.

8. Atlas Building Prod. Co. v. Diamond Block & Gravel Co., supra.

9. Urbain v. Knapp Brothers Manufacturing Company, 6 Cir., 217 F.2d 810, cert. denied, 349 U.S. 930, 75 S.Ct. 772, 99 L.Ed. 1260; Ferguson v. Tabah, 2 Cir., 288 F.2d 665.

contention that a bond is required. But that statute is not a mandate to require a bond in every anti-trust case in which an injunction is issued. It also leaves wide discretion with the trial judge. The evidence shows that Frontier is a corporation with considerable assets and that it is able to respond in damages if Continental does suffer damages by reason of the injunction. We therefore cannot say that the court abused its discretion by not requiring a bond in this case.

Lastly, appellant complains about the form of the interlocutory order entered. We have carefully read and considered all of the provisions of the order and must conclude that it is eminently fair to both litigants. Its objectives are to restore the retail prices of gasoline as they existed prior to the price war and to maintain those prices until the litigation is concluded. A procedure is also provided for, and available to the parties, in the event other sellers of gasoline in the area cause a change in prices. And, as mentioned by the trial court, the court is always open to both parties, in the event a change or modification of the injunction order becomes necessary for the protection of either or both parties or the public. This order attempts to preserve a price differential between the independent and the major brands of gasoline in the Salt Lake area, and may or may not restore prices to the pre-price war conditions. Our approval of the form of the order in no way approves the right of either party to such a price differential, and in no way indicates that the reduction or the removal of this spread by either party constitutes, as such, a violation of the Robinson-Patman Act.

We are cognizant of the affirmative defenses available to and raised by appellant in its answer to the complaint. Our disposition of this interlocutory appeal is not intended to preclude appellant from further pursuit of those defenses at the trial of the case upon its merits. Nor do we intend that this opinion be interpreted to hold that appellee has sustained its burden of proving a case. The legal effect of evidence to be presented at the trial is left for decision by the trial judge.

We believe one further comment to be appropriate. Counsel on both sides and the trial judge have all indicated an intention to expeditiously try and dispose of this case at an early date. Because of the very nature of the interlocutory relief granted, we commend both the trial judge and counsel for their good faith efforts to get the litigation finally concluded at as early a date as adequate preparation will permit.

Affirmed.