413 P.2d 279

Alan P. BAYHAM, Appellant,

v.

David K. FUNK, Arthur L. Funk, and Albert C. Funk, Appellees.

No. 1 CA–CIV 121.

Court of Appeals of Arizona.

April 21, 1966.

Raymond Huffsteter, Phoenix, for appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by John P. Otto, Phoenix, for appellees.

STEVENS, Chief Judge.

The question presented to this Court is whether a preliminary injunction issued under the authority of Rule 65(e) of the Arizona Rules of Civil Procedure, Volume 16 A.R.S., without a bond being required is valid and enforcible?

Charles John Funk has been engaged in litigation and appears to have some financial problems. In Civil Cause No. 129497, he was the plaintiff and the appellees herein were the defendants. In the case at bar the appellees herein are the plaintiffs and Charles John Funk, Alan Philip Bayham and others, are defendants. The complaint in the case at bar alleges that in the earlier cause:

"* * * it is to be and will be adjudged that plaintiffs herein owe defendant CHARLES JOHN FUNK THE sum of $39,295.51, less advance payments which have been made on said sum."

(The plaintiffs so referred to are the plaintiffs in the cause at bar and the appellees herein.)

The complaint in the case at bar further alleges offsets against Charles John Funk in the sum of $34,000.72 and further alleges that the defendants, including Mr. Bayham the appellant herein, claim an interest in the $5,234.79 differential. The appellees herein tendered that sum to the Clerk of the Court urging that they were proceeding as in interpleader. At the time of the filing of the action they secured a temporary restraining order and an order to show cause in relation to an application for a preliminary injunction. The temporary restraining order was directed to

Bayham and the other defendants and it ordered in part:

"* * * that defendants, and each of them, are hereby temporarily restrained and enjoined pending the hearing * * from proceeding or in any continuing to seek enforcement of the subject judgment, or by any means seeking aid to establish their claims or priority."

Bayham disputes the accuracy of the claimed offset and does not concede that the sum which was tendered into Court is the maximum which the appellees can be called upon to pay. Bayham urges that the action is not a true interpleader action, a matter which we are not called upon to determine in the case now before us. A hearing was held as directed by the order to show cause.

On 13 November 1964, a formal written order was entered directed to Bayham and to the defendants which order provided in part:

"* * * Defendants * * * are hereby restrained and enjoined pending the final determination of this action, including the disbursement of sums on deposit, from proceeding or in any way continuing to seek enforcements of the subject judgment, or by any means seeking aid to reestablish their claims or priority thereof."

The formal written order was silent as to bond. A minute entry order of the same date recites:

"Funds previously deposited in the court as bond."

On 1 January 1940, Arizona's Rules of Civil Procedure became effective. These rules were an adoptation of the then new Federal Rules of Civil Procedure and the Arizona Rules have been changed from time to time to keep pace with the Federal Rule changes. There is substantial, but not absolute, uniformity. There are some Arizona statutory provisions which have been carried forward into the Arizona Rules. The coordination of the two sets of rules gives Arizona lawyers a body of case law when searching for rule interpretation and a greater facility in the trial of cases in both the federal and the State Courts. The Federal decisions with reference to Rules of Civil Procedure are persuasive but are not binding in the matter of rule interpretation.

Arizona's Rule 65(e) is very similar to Federal Rule 65(c). The Arizona Rule in part reads as follows:

"65(e) Security. 1. No temporary restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. No such security shall be required of the state or an officer or agency thereof."

The import of the above quoted rule has an Arizona statutory background. Arizona's Rule 65(f) also has a statutory background and this rule reads as follows:

"65(f) Security for staying money judgment or debt.

"If the injunction is applied for to restrain the execution of a money judgment or the collection of debt, the security or bond shall be given as provided by subdivision (e) of this Rule and the security or bond shall be fixed in the amount of such judgment or debt and such additional amount as the court requires."

(This rule does not appear to have a counterpart in the Federal Rules.)

In relation to appeals involving injunctions, Arizona's Rule 62(c) is similar to Federal Rule 62(c) and reads as follows:

"62(c) Injunction pending appeal. When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it

considers proper for the security of the rights of the adverse party."

It is noted that Rule 65(e) requires a bond but leaves the amount thereof in the discretion of the judge. Rule 65(f) is of similar import. Rule 62(c) grants to the trial judge a broader discretion in relation to injunctions on appeal, for the court is permitted to continue an injunction in effect "upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party."

We recognize that numerically there are more Federal Cases which hold that the Federal Rule using language similar to Arizona's Rule 65(e) grants to the trial judge the authority to waive bond entirely in connection with the issuance of a preliminary injunction. We agree with the concise statement found in the majority opinion of Chatz v. Freeman, (C.A. 7th Ct.) 204 F.2d 764 (1953) wherein the court having Federal Rule 65(c) under consideration stated:

"To us, the rule seems plain, definite and unmistakable. There is nothing ambiguous about it.

"We conclude that the trial court committed error at issuing the temporary restraining order without providing for security as required by rule 65(c) of the Federal Rules of Civil Procedure. * *"

█ It is our opinion that the money tendered into Court as in interpleader cannot be considered as a bond. The money tendered into court is money which the plaintiffs admit that they owe. The defendants are not only restrained from seeking to enforce the collection of the money which is tendered into court, they are also restrained from seeking to enforce the collection or to secure the payment of the greater sums which they claim to be due and owing. Under the terms of the restraining order, the defendants are not permitted to attach, to garnish or to levy execution to secure the payment or to guarantee the payment of the excess which they claim. These procedures are statutory creditor's rights the loss of which

can mean, in theory at least, the loss of the opportunity to collect that which they claim is owing to them. This loss can be a material "damage" to the defendants and they are not normally required to rely on today's solvency of the plaintiffs. The money which has been tendered cannot be considered as "security * * * for the payment of * * * costs and damages as may be incurred or suffered by any party * * * wrongfully enjoined or restrained" since it is admitted that the parties defendant are entitled to the sum which has been tendered to the Clerk.

█ It is our opinion that a temporary restraining order cannot issue and that a preliminary injunction cannot issue and become an enforcible order unless and until the trial judge fixes a bond and the bond is posted. Section 7–121 A.R.S. grants authority to review the sufficiency of the surety. Even in the absence of an express statute or rule, the monetary sufficiency of a bond can be questioned by the party restrained and revised by the trial court. It is our opinion that the case of Bank of Arizona v. Superior Court, 30 Ariz. 72, 245 P. 366 (1926), a pre-Rule of Civil Procedure opinion, is not in conflict with our holding. The Court upheld the interlocutory injunction issued without bond and gave as its reason therefor:

"The court's jurisdiction to issue the injunction is found in the terms of the contract executed by all the parties, and the court, in entering such order, was only prohibiting the parties from violating the terms of the contract."

The answer to the question which was asked at the outset of this opinion is that until a bond is fixed and posted and notice thereof given, the preliminary injunction is not enforcible. We do not set aside the formal written order of 13 November 1964. This cause is remanded with instructions to fix a reasonable bond as a condition to the placing of said order in effect and upon the posting of said bond, notice of the order and of the posting shall be served on the parties to be restrained, or

in the alternative, the court will vacate the order.

CAMERON, J., concurs.

WILLIAM H. GOODING, Judge of Superior Court (specially concurring).

While I concur with the result, I disagree with the reasoning of my fellow judges.

I agree with the federal cases which hold that the posting of security may be dispensed with in the absence of likelihood of harm and that the discretion of the court as to the size of the bond includes the discretion not to require any bond. Continental Oil Company v. Frontier Refining Company, (C.A. 10th Ct.) 338 F.2d 780 (1964); Ferguson v. Tabah, (C.A. 2nd Ct.) 288 F.2d 665 (1961); Urbain v. Knapp Brothers Manufacturing Company, (C.A. 6th Ct.) 217 F.2d 810 (1954), certiorari denied 349 U.S. 930, 75 S.Ct. 772, 99 L.Ed. 1260.

I would remand this cause with instructions to fix a bond or to make a finding that no bond is required.

NOTE: Judge FRANCIS J. DONOFRIO having requested that he be relieved from the consideration of this matter, Superior Court Judge WILLIAM H. GOODING was called to sit in his stead and participate in the decision of this cause.