**UNITED STATES of America ex rel. Donald J. FASS, Petitioner,**

v.

**General John YANCY, U.S.A. Commanding Officer, Fort Hamilton Induction Center, Colonel Akst, Director of New York City Headquarters, Selective Service System, and General Louis B. Hershey, Director of the Selective Service System, Respondents.**

**Civ. A. No. 67-C-445.**

United States District Court
E. D. New York.

May 25, 1967.

Michelman & Michelman, New York City, for petitioner; Harvey J. Michelman, New York City, of counsel.

Joseph P. Hoey, U. S. Atty., Eastern District of New York for respondents; Howard L. Stevens, Asst. U. S. Atty., of counsel.

BRUCHHAUSEN, District Judge.

The petitioner, by order to show cause, seeks injunctive relief, compelling the Selective Service System to re-examine the potential inductee medically prior to his induction with the objective of comparing the findings with the medical service standards and a written determination, stating the reason for accepting or rejecting him.

The petitioner alleges that he is not physically fit to serve in the military, according to the Army's medical standards. This contention was overruled after a complete physical examination conducted at St. Albans Naval Hospital, pursuant to an order of the local draft board. The petitioner is presently subject to induction.

The court in Tamarkin v. Selective Service System, Local Draft Board, No. 47, Miami, Florida, et al., 243 F.2d 108, at page 109 held in part:

"The operation of the Selective Service procedures cannot be impeded by injunctions in cases such as this. There is no right to a direct judicial review of orders of the draft boards. Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428; Watkins v. Rupert, 2 Cir., 1955, 224 F.2d 47."

The court in Watkins v. Rupert, supra, held in part at page 48:

" * * * Judicial intervention in the selective service selection system— in any case drastically limited, 50 U. S.C. Appendix, § 460(b)—must await the exhaustion by the registrant of all administrative remedies. The exact point at which such remedies have been fully utilized may not always be easy to ascertain, but no judicial review has ever been held appropriate before the registrant has responded, either affirmatively or negatively, to the order of induction. Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305; Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567; Wit-

mer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428. Certainly no adequate showing of danger of irreparable harm, prerequisite to any kind of injunctive relief, can be made so long as the registrant has not decided whether or not to obey the induction order and before the government has decided whether or not to prosecute if he decides not to report. And if plaintiff Watkins is unwilling to run the gamut of criminal prosecution, he can test the legality of his induction after he has submitted to it by suing out a writ of habeas corpus."

The motion in all respects is denied and petition dismissed.

Settle order on two (2) days' notice.