965 P.2d 71

In the Matter of the WILCOX REVOCABLE TRUST.

Lillian WILCOX, Plaintiff–Appellee,

v.

Henry Anthony EBARB and Lisa M. Raikkonen, husband and wife; James T. Purvis, aka J.T. Purvis, and Jonna Purvis, husband and wife; T. Marie Corkery, a single woman, Defendants–Appellants.

No. 1 CA–CV 96–0589.

Court of Appeals of Arizona, Division 1, Department T.

March 26, 1998.

Review Denied Oct. 20, 1998.

Peter A. Neisser, Attorney At Law, P.C. by Peter A. Neisser, Scottsdale, and Ulrich, Kessler & Anger, P.C. by Paul G. Ulrich, Phoenix, for Defendants–Appellants.

Hultstrand & Goodale P.C. by Charles Hultstrand, Mesa, and Marvin Johnson, P.C. by Marvin Johnson, Phoenix, for Plaintiff–Appellee.

## OPINION

WEISBERG, Judge.

¶1 Henry A. Ebarb, James T. Purvis, Jonna Purvis, and T. Marie Corkery ("appellants") are four of the five trustees responsible for administering "The Wilcox Revocable Living Trust" ("the trust"). The fifth trustee, Lillian Wilcox ("appellee"), is the surviving trustor and sole vested beneficiary. Appellee filed suit to obtain various forms of relief, including a preliminary injunction restricting appellants' activities until the issues in the underlying suit have been decided. The preliminary injunction was granted, from which appellants now appeal.

### FACTS AND PROCEDURAL HISTORY

¶2 Appellee and her late husband, Robert D. Wilcox, Jr. ("Robert") established the trust in 1991. The trust agreement provided that, upon the death of either trustor, the trustees were to divide the trust estate into two separate trusts: the "decedent's trust" and the "survivor's trust." Both of these separate trusts would benefit only the surviving trustor during his or her lifetime. Following the death of the surviving trustor, all remaining principal and undistributed income would inure to the benefit of various contingent remaindermen (i.e., the trustor's children, grandchildren, and great-grandchildren). The specific terms under which these remaindermen would receive their future interests are not relevant to this appeal.

¶3 The trust agreement named as the five original trustees appellee, Robert, James T. Purvis, Henry A. Ebarb, and one other person who is no longer serving as a trustee. Purvis and Ebarb were business associates of Robert who were employed by his business, Prescott Properties, Inc., and who were significant shareholders in that corporation.

¶4 Robert died on July 31, 1995. By the time a new trustee was named to replace him, all of the trustees, other than appellee, were related to either Purvis or Ebarb. The principal asset in the trust was the controlling shares in the corporation.

¶5 In early 1996, appellee became dissatisfied with appellants' management of the trust. She decided to amend the trust document and appoint her son as trustee. In March 1996, appellee executed a lengthy document that purported to amend and replace the original trust ("amended trust"). But because the provision in the trust document setting forth the surviving trustee's authority to amend the trust was unclear,[1] appellee filed a Petition for Reformation of the trust in Cause No. PB 96–0153 ("reformation action") in the Yavapai County Superior Court.[2]

¶6 Appellee also filed this separate lawsuit against appellants asking for an accounting, the production of records, the payment of a surcharge, the removal of appellants as trustees, and an order approving the amended trust. In addition, appellee requested the issuance of a preliminary injunction restricting the actions of appellants until the underlying issues were resolved ("injunction action"). Appellants filed a response denying the claims, together with various counterclaims and third party claims.

¶7 Although the two cases were not consolidated, from July 31 to August 2, 1996, the same trial court conducted hearings on both the reformation action and injunction action.

Appellee sent notice of the reformation action to each of her children, grandchildren, and great-grandchildren, and obtained their waivers of notice for that hearing. She did not, however, send them notice of the injunction action proceeding.

¶8 On August 29, 1996, the trial court granted reformation of the trust agreement. As reformed, the decedent's trust became irrevocable upon Robert's death, but the survivor's trust remained revocable and amendable by appellee. On September 9, 1996, the court issued a preliminary injunction against appellants. In addition to incorporating the findings from the reformation action, the court found that appellants had:

> placed themselves in the legally challenging position of simultaneously attempting to discharge their fiduciary duties as trustees while they also own significant portion of stock in the corporation that is the principal asset of the trust and they also provide essential services to that business.

It ordered that:

> 1. James T. Purvis shall continue in his position of management of Prescott Properties, Inc. and continue to receive compensation for this service consistent with the past compensation. Henry A. Ebarb shall continue to provide the services he has provided to the corporation and also be compensated consistent with past payments.
>
> 2. There shall be no sale, transfer, encumbrance, assignment or conveyance of stock of Prescott Properties, Inc.
>
> 3. There shall be no sale, transfer, encumbrance, assignment or conveyance of any major asset of Prescott Properties, Inc.
>
> 4. Trustees Henry A. Ebarb, James T. Purvis, Jonna Purvis and T. Marie Corkery are enjoined from any further action as

---

1. The relevant sentence in the trust document is as follows:
    > On the death of one Trustor the Surviving Trustor shall retain the above rights of revocation and amendment from and after the death of the Surviving Trustor, all trusts established by this Agreement shall be irrevocable and unamendable.

2. The judgment allowing reformation was affirmed by this court in 1 CA–CV 97–0134. Therefore, we take judicial notice of the record in that case. *See Sims Printing Co. v. Kerby,* 56 Ariz. 130, 132, 106 P.2d 197, 199 (1940)(an appellate court will take judicial notice of the record from other matters on appeal in that court.)

trustees regarding the trust, without prior court approval.

¶ 9 Appellants have filed separate appeals in the reformation action and the injunction action, which have not been consolidated. In this appeal, we consider only whether the preliminary injunction was properly granted.

## DISCUSSION

¶ 10 Appellants first argue that the trial court lacked subject matter jurisdiction because appellee failed to provide notice of the proceedings to the contingent beneficiaries.[3] They reason that the court's subject matter jurisdiction is not "invoked" when all "interested parties" in a trust-related action do not receive the statutorily required notice. *See* Ariz.Rev.Stat. Ann. ("A.R.S.") § 14–7204 (1995). We disagree.

¶ 11 The Arizona Constitution vests original jurisdiction over probate matters (including trusts) in the superior court. *See* Ariz. Const. art. 6, § 14(8); *see also* A.R.S. §§ 14–7201(A) and –1302(A)(3) (granting superior court subject matter jurisdiction over trusts). Subject matter jurisdiction is "not confined to cases in which the particular facts constitute a good cause of action, but includes every issue within the scope of the general power vested in the court, by the law of its organization, to deal with the abstract question." *Gatecliff v. Great Republic Life Ins. Co.*, 154 Ariz. 502, 507, 744 P.2d 29, 34 (App.1987); *see also State ex rel. Baumert v. Municipal Ct.*, 124 Ariz. 543, 545, 606 P.2d 33, 35 (App.1979). Appellants have not argued that the issues in this case are outside the breadth of a superior court's probate authority. Thus, the trial court had subject-matter jurisdiction.

¶ 12 Appellants next argue that appellee's failure to notify all "interested parties" prevented the trial court from validly granting the preliminary injunction. They claim that notice should have been given to contingent beneficiaries as "interested parties."

*See* A.R.S. §§ 14–1201(26), –7204. Appellee responds that 1) appellants failed to raise this issue in a timely manner and 2) the contingent beneficiaries were not "interested parties" to this action.

¶ 13 We hold that appellants raised this issue in a timely manner. A.R.S. section 14–1401(C) requires the filing of a certificate of notice setting forth who has received notice of a particular proceeding. As required, appellee filed this certificate at the initial hearing in this matter. Until then, appellants were unaware of who had received notice. They then raised the notice issue two weeks later in a post-hearing memorandum that the trial court accepted into evidence. We hold this to be timely.

¶ 14 We do not, however, agree that any failure of notice has rendered this preliminary injunction invalid as to appellees. A.R.S. section 14–7204 expressly provides that "[a] decree is valid as to all who are given notice of the proceeding though fewer than all interested parties are notified." Contrary to appellant's argument, this provision does not only apply when a party inadvertently fails to give notice to an "interested party." The plain language of the statute does not lead to such an interpretation. Therefore the lack of notice to other possible interested parties does not negate the effectiveness of the preliminary injunction as to appellants.

¶ 15 Moreover, deciding who an "interested party" is "may vary from time to time and must be determined according to the particular purposes of, and matter involved in, any proceeding." A.R.S. § 14–1201(26). Here, we need make no determination as to whether the beneficiaries are "interested parties" to this litigation because the trial court has yet to address the issue. We therefore remand to allow the trial court to rule on it. If the court decides that there are interested parties in addition to appellants, it may order such notice on its own motion.[4] *See* A.R.S. § 14–7204.

---

**3.** We note that appellants are not claiming that *they* did not receive sufficient notice.

**4.** We note that none of the beneficiaries have intervened to complain about the lack of notice to them. It is well-settled that error can be asserted only by a party whose interests have

¶ 16 Appellants last argue that the preliminary injunction is unenforceable because the trial court failed to require that appellee post a security bond. Arizona Rule of Civil Procedure 65(e) states that "[n]o restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained."

¶ 17 Appellants maintain that this statute requires that security be posted prior to the issuance of a preliminary injunction, and that the trial court's failure to require a bond has voided this injunction. Appellee counters that there is no evidence showing any likelihood of harm to appellants because of the preliminary injunction. She therefore contends that we should adopt the position taken by a majority of federal courts in interpreting Rule 65(e)'s federal counterpart and allow the injunction to stand without bond. *See* Fed.R.Civ.P. 65(c); *Moltan Co. v. Eagle–Picher Indus., Inc.*, 55 F.3d 1171, 1176 (6th Cir.1995); *Continental Oil Co. v. Frontier Refining Co.*, 338 F.2d 780, 782 (10th Cir. 1964); *Ferguson v. Tabah*, 288 F.2d 665, 675 (2d Cir.1961).

¶ 18 In *Bayham v. Funk*, 3 Ariz.App. 220, 413 P.2d 279 (1966), this court rejected appellee's position. The majority in *Bayham* found that courts do not have the discretion to waive the bond entirely. The *Bayham* court also concluded that "until a bond is fixed and posted and notice thereof given, the preliminary injunction is not enforceable." 3 Ariz.App. at 222, 413 P.2d at 281 (*quoting Chatz v. Freeman*, 204 F.2d 764, 768 (7th Cir.1953)). The *Bayham* court then remanded the case with instructions to require a reasonable bond. *Id.*

¶ 19 *Bayham*, however, was based in part on the then Rule 65(f) which had no counterpart in the Federal Rules, and has since been

eliminated in Arizona. The State Bar Committee Note, commenting on the deletion of Rule 65(f),[5] states that, although security is still needed prior to the issuance of an injunction, the elimination of Rule 65(f) obviated the *Bayham* court's rationale for holding that a preliminary injunction had no effect if a security bond was not required. We agree.

¶ 20 There is no longer any basis for concluding that a preliminary injunction is unenforceable unless a security bond has been issued. Thus, we disagree with *Bayham* to the extent that it holds that any injunction issued without a security bond is unenforceable. Notwithstanding, because both *Bayham* and Rule 65(e) require that a "reasonable" bond be set, and because the trial court failed to give significant consideration to the setting of such bond, we remand this fact-intensive issue to the trial court. *See Bayham*, 3 Ariz.App. at 222, 413 P.2d at 281; Rule 65(e).

### ATTORNEY'S FEES ON APPEAL

¶ 21 Appellee requests attorney's fees on appeal but cites no basis for an award. We will award no attorney's fees where no basis for the award is cited to us. *Bank One, Arizona, N.A. v. Beauvais*, 188 Ariz. 245, 251–52, 934 P.2d 809, 815–16 (App. 1997).

### CONCLUSION

¶ 22 For the foregoing reasons, we affirm the trial court's issuance of the preliminary injunction. We remand with instructions to the trial court to 1) determine the identity of and ensure notice to the "interested parties," if any, and 2) require the issuance of a security bond, pursuant to Rule 65(e), in an amount it deems to be reasonable.

GRANT, P.J., and NOYES, J., concur.

been prejudiced thereby. *Britz v. Britz*, 95 Ariz. 247, 250, 389 P.2d 123, 125 (1964).

**5.** Rule 65(f) read as follows:
Security for staying money judgment or debt. If the injunction is applied for to restrain the execution of a money judgment or the collection of debt, the security or bond shall be given as provided by subdivision (e) of this Rule and the security or bond shall be fixed in the amount of such judgment or debt and such additional amount as the court requires.